UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MUSTAFA HASSAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 1:06-cv-0172 EGS |
| | ) | |
| AIMCO CORP., INC., | ) | |
| (No address) | ) | |
| | ) | |
| SCOTT M. BADAMI, | ) | |
| 700 13th Street, N.W., # 600 | ) | |
| Washington, DC  20005 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FOXCHASE OF ALEXANDRIA, | ) | |
| T. LIZBETH HAYES, ANTONIO | ) | |
| BEDFORD, AND ROBERT WALKER | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION OF DEFENDANT SCOTT M. BADAMI, AND AIMCO FOXCHASE, L.P., TO DISMISS AND, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Defendant Scott M. Badami, Esq. ("Badami"), and AIMCO Foxchase, L.P.,

move, pursuant to Fed. R. Civ. P. 12(b)(1), (2), (3), and (6), for an Order dismissing the

Complaint against defendant Badami, and "AIMCO Corp., Inc.," without prejudice.  In the

alternative, movants seek an Order requiring *pro se* Plaintiff Mustafa Hassan to submit a more

definite statement of his claims against Badami and "AIMCO Corp., Inc." pursuant to Fed. R.

Civ. P. 12(e).

The grounds for the motion are set forth in the accompanying memorandum of

points and authorities.  A proposed Order is also provided.

Undersigned counsel made several efforts to reach Plaintiff by telephone, but was unable to do so at the telephone number listed in the Complaint. Therefore, it was not possible to determine if Plaintiff consents to any aspect of this motion.

Respectfully submitted,

Daniel I. Prywes (D.C. Bar No. 342394)
Bryan Cave LLP
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
(202) 508-6094 telephone
(202) 508-6200 facsimile

Attorneys for Defendant Scott M. Badami, Esq., and for AIMCO Foxchase, L.P.

Date:  April 3, 2006

**Certificate of Service**

I hereby certify that, on April 3, 2006, I caused a copy of the foregoing MOTION OF

DEFENDANT SCOTT M. BADAMI, AND AIMCO FOXCHASE, L.P., TO DISMISS AND,

IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT, supporting memorandum,

and proposed Order, to be served by first-class mail, postage-prepaid, upon:

> Mr. Mustafa Hassan
> 8245 Russell Road
> P.O. Box 6861
> Alexandria, VA  22306
>
> *Pro Se Plaintiff*
>
> R. Thomas Payne II, Esq.
> Assistant Attorney General
> Office of the Attorney General
> 900 East Main Street
> Richmond, Virginia 23219
>
> *Attorney for Defendants Hayes and Bedford*
>
> Michele Caramenico, Esq.
> U.S. Dept. of Housing and Urban Development
> The Wanamaker Building, 100 Penn Square East
> 11th Floor
> Philadelphia, PA 19107
>
> *Attorney for Robert Walker*

Daniel I. Prywes

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MUSTAFA HASSAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 1:06-cv-0172 EGS |
| | ) | |
| AIMCO CORP., INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT SCOTT M. BADAMI, ESQ., AND AIMCO FOXCHASE, L.P., TO DISMISS AND, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Defendant Scott M. Badami, Esq. ("Badami"), and AIMCO Foxchase, L.P.,

submit this memorandum in support of their motion pursuant to Fed. R. Civ. P. 12(b)(1), (2), (3)

and (6) to dismiss the Complaint and, in the alternative, to require a more definite statement

pursuant to Fed. R. Civ. P. 12(e).

### Factual Background

On January 31, 2006, plaintiff Mustafa Hassan ("Plaintiff") filed a handwritten

Amended Complaint ("Complaint") in this action, naming six defendants.

The Parties.  Plaintiff named "AIMCO Corp., Inc." as a defendant.  There is no

corporation by that name.  However, there is an AIMCO affiliate – AIMCO Foxchase L.P. –

which owns the Foxchase of Alexandria apartment complex ("Foxchase") in Alexandria,

Virginia.  (Ex. A, Declaration of Martha Long, ¶¶ 3, 6.)  Foxchase is also a named defendant, but

has not been served with process.  Plaintiff resided at Foxchase until he was evicted in January

2004 after he failed to pay rent for several months.

AIMCO Foxchase L.P. is a limited partnership organized under the laws of Delaware, and its only business is to own Foxchase of Alexandria and to contract out its management to a management firm. (Ex. A, Declaration of Martha Long ¶¶ 3, 4.) AIMCO Foxchase does not maintain offices or employees in the District of Columbia, nor does it transact business here. (Id. ¶ 4.)

Plaintiff also sued T. Lizbeth Hayes and Antonio Bedford, who are or were on the staff of the Commonwealth of Virginia's Virginia Fair Housing Board. That Board investigated Hassan's allegations of Fair Housing Act violations at Foxchase, and determined in October 2003 that there was no reasonable cause to believe that there had been discriminatory housing violations respecting Plaintiff.

Plaintiff also sued Robert Walker, an employee of the U.S. Department of Housing and Urban Development ("HUD") in Washington, D.C., who is believed to have had some involvement with HUD's review of Hassan's Fair Housing allegations. HUD found no merit to them.

Finally, Plaintiff sued Badami, an attorney with the law firm of Bryan Cave LLP in Washington, D.C. When HUD and the Virginia Fair Housing Board investigated Plaintiff's allegations, Mr. Badami defended the investigation on behalf of AIMCO Foxchase, L.P. Badami's only involvement with any matter relating to Plaintiff has been as counsel to AIMCO Foxchase, L.P. in those investigative proceedings. (Ex. B, Badami Decl. ¶ 3.)

Jurisdiction. The Complaint fails to set forth a "short and plain statement of the grounds upon which the court's jurisdiction depends," as required by Fed. R. Civ. P. 8(a)(1). Plaintiff cites several statutory provisions in support of jurisdiction, but none have any apparent applicability to this case:

-- Plaintiff first cites 28 U.S.C. Section 1333, which relates to jurisdiction for admiralty, maritime, and prize cases.

-- Plaintiff next cites 28 U.S.C. Section 552, which does not exist.

-- Plaintiff cites 28 U.S.C. Section 1254(2), which relates to the Supreme Court's jurisdiction to review cases.

-- Plaintiff cites 28 U.S.C. Section 2403, which relates to the right of the United States to intervene in cases where the constitutionality of any Act of Congress is being challenged.

Venue.  Plaintiff makes no allegations respecting the proper venue of this suit in this Court.  The claims appear to relate to his former tenancy at Foxchase in Alexandria, Virginia. Four of the named defendants are listed with Virginia addresses, and two with business addresses in the District of Columbia.  Under the general venue statute, venue in this District is only proper if "a substantial part of the events or omissions given rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U.S.C. § 1391(b).

Service of Process.  On March 13, 2006, the U.S. Marshall mailed a copy of the Summons and Complaint to "AIMCO Corporation, Inc." at 766 North Howard Street, Alexandria, Virginia  22304.  That is the address of the Foxchase office.  No separate Summons and Complaint directed to "Foxchase of Alexandria" has been received.

On March 20, 2006, a copy of the Summons and Complaint was served upon defendant Badami at his law office in Washington, D.C.

The Claims.  Fed. R. Civ. P. 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  In this instance,

the Complaint fails to provide such a statement, even making allowances for Plaintiff's *pro se* status.

Without providing any details at all, the Complaint alleges "fraud, obstruction of due process, conspiracy, violation of the plaintiff['s] civil and constitutional rights 1965 and old age America 1988 and violation of 'Rico' Act 1961 1962 et seq. as amended[.]" (Complaint, at 3.)  The Complaint also refers to Plaintiff's "eviction" from Foxchase.  (Complaint, at 3.)

The Complaint is conclusory in nature.  <u>No factual allegations at all</u> are set forth to support the conclusory claims, or to even specify which claims are made against which of the named defendants.

### <u>Argument</u>

### I.     THE COMPLAINT SHOULD BE DISMISSED

If Plaintiff meant to sue AIMCO Foxchase, L.P. instead of "AIMCO Corp., Inc.," which does not exist, he should file an amended complaint designating the former entity as the defendant.  Otherwise, his Complaint against "AIMCO Corp., Inc." should be dismissed for failure to sue an existing entity.[1]

Assuming that Plaintiff meant to sue AIMCO Foxchase, L.P., the claims against that entity, and defendant Badami, should be dismissed for five reasons.

1.     <u>Lack of Jurisdiction Over the Subject Matter</u>.  Fed. R. Civ. P. 12(b)(1) allows a defendant to move to dismiss a Complaint for "lack of jurisdiction over the subject matter."  Pursuant to Fed. R. Civ. P. 8(a)(1), the plaintiff is required to set forth in his initial pleading a "short and plain statement of the grounds upon which the court's jurisdiction

---

[1] *See* Fed. R. Civ. P. 15(c)(3); <u>Roberts v. Michaels</u>, 219 F.3d 775, 778 (8th Cir. 2000); <u>Leachman v. Beech Aircraft Corp.</u>, 694 F.2d 1301, 1310 n. 7 (D.C. Cir. 1982); <u>Gipson v. Wells Fargo Corp.</u>, 382 F. Supp. 2d 116, 120 (D.D.C. 2005); 6 Wright, Miller & Kane, <u>Federal Practice & Procedure: Civil 2d</u> § 1498, at 142 (1990).

4

depends." The plaintiff bears "the burden of establishing, by a preponderance of the evidence

that the court has jurisdiction to entertain his claims." <u>Bennett v. Ridge</u>, 321 F. Supp. 2d 49, 51

(D.D.C. 2004), *affirmed*, 425 F.3d 999 (D.C. Cir. 2005).

   In this case, the Complaint asserts that this Court has jurisdiction under the

following statutes: 28 U.S.C. Section 1333 (relating to jurisdiction for admiralty, maritime, and

prize cases); 28 U.S.C. Section 552 (does not exist); 28 U.S.C. Section 1254(2) (relating to the

Supreme Court's jurisdiction to review cases); and 28 U.S.C. Section 2403 (authority of United

States to intervene in certain cases involving constitutional questions).

   None of these statutes have any applicability to this dispute. There is no

allegation of any matter relating to admiralty or maritime issues. The other statutory citations are

likewise inapplicable. Accordingly, Plaintiff has cited no valid basis for the Court's jurisdiction

over this dispute.[2]

   Absent some facially valid basis for its jurisdiction, the Court should dismiss the

Complaint without prejudice pursuant to Fed. R. Civ. P. 12(b)(1), subject to amendment with a

proper grounds for jurisdiction. Plaintiff has not met his burden of proof to establish jurisdiction

over the subject matter of this dispute.

   2.   <u>Lack of Personal Jurisdiction over AIMCO.</u> Pursuant to Fed. R. Civ. P.

12(b)(2), the claims against "AIMCO Corp., Inc." should be dismissed for lack of jurisdiction

over the person. When personal jurisdiction is challenged, the plaintiff has "the burden of proof

---

[2] While Plaintiff elsewhere attempts to state a claim under the RICO statute, 18 U.S.C. §§ 1961 *et seq.*, Plaintiff does not allege any of the elements of a RICO claim. Therefore, his RICO claim is too deficient to proceed, and the question of jurisdiction need not be reached. <u>Doe I v. State of Israel</u>, 400 F. Supp. 2d 86, 119 (D.D.C. 2005) (RICO claim dismissed where "[t]he Complaint's broad and vague assertions simply recite legal conclusions and regurgitate the RICO elements without directing the Court to specific facts"). In addition, Plaintiff's claims under "old age america 1998" and "civil and constitutional rights 1965" are too vague to serve as the basis for jurisdiction. It is not clear which statutes, if any, Plaintiff is referring to in the Complaint.

to establish that the Court has personal jurisdiction." Jacobsen v. Oliver, 201 F. Supp. 2d 93,

104 (D.D.C. 2002).

As noted above, "AIMCO Corp., Inc." does not exist, and the Court cannot have

personal jurisdiction over a non-existent entity. (Ex. A, Declaration of Martha Long, ¶ 6.) If

Plaintiff meant to sue AIMCO Foxchase, L.P., his claim should be dismissed because the District

of Columbia courts do not have long-arm jurisdiction over that limited partnership.[3]

This Court has jurisdiction over a limited partnership located in another state only

if the District of Columbia's long-arm statute permits such jurisdiction consistent with the Due

Process Clause of the U.S. Constitution. In practical terms, this means that Plaintiff must

establish one of two bases for jurisdiction.

First, Plaintiff could establish "general jurisdiction" over AIMCO Foxchase, L.P.

if he could show that AIMCO Foxchase, L.P. is "doing business" in the District of Columbia,

pursuant to D.C. Code Section 13-334(a). To be "doing business" in the District of Columbia, a

defendant must have contacts with the District that are so "continuous and systematic" that it

could foresee being haled into a court in the District of Columbia." Gorman v. Ameritrade

Holding Corp., 293 F.3d 506, 510 (D.C. Cir. 2002).

Second, Plaintiff could establish "specific jurisdiction" over AIMCO Foxchase,

L.P. by showing that the suit is one "arising" out of AIMCO Foxchase, L.P. "transacting

business" in the District of Columbia. D.C. Code Section 13-423(a)(1).

A defendant is not "doing business" or "transacting any business" in the District

of Columbia by interacting with federal government agencies. United States v. Ferrara, 54 F.3d

---

[3]  The RICO statute allows nationwide service of process on a defendant in certain
circumstances. 18 U.S.C. §1965(d). However, as noted above, Plaintiff's RICO claim cannot
proceed because he has failed to allege even the elements of a RICO offense, much less the
required factual basis for such elements. Doe I, 400 F. Supp. 2d at 119.

825, 831 (D.C. Cir. 1995)("contact with a federal instrumentality located in the District will not give rise to personal jurisdiction"); Fandel v. Arabian Am. Oil Co., 345 F.2d 87, 88-89 (D.C. Cir. 1965); AGS Int'l Servs., S.A. v. Newmont USA Ltd., 346 F. Supp. 2d 64, 74 (D.D.C. 2004).

As set forth above, AIMCO Foxchase, L.P. is not "doing business" on a "continuous or systematic" basis in the District of Columbia. Its sole function is to own the Foxchase property and contract out the management of that property. AIMCO Foxchase, L.P. does not maintain any offices in the District of Columbia, nor does it station any employees in the District of Columbia. The General Partner does not reside or have offices in the District of Columbia, nor does its one limited partner. (Ex. A, Declaration of Martha Long, ¶¶ 4, 5.)

Likewise, this suit does not arise from AIMCO Foxchase, L.P. "transacting any business" in the District of Columbia. At the very most, AIMCO Foxchase, L.P., communicated with HUD in response to Plaintiff's Fair Housing complaints. As noted above, such interactions with the federal government may not be the basis for asserting personal jurisdiction. United States v. Ferrara, 54 F.3d at 831.

Under these circumstances, this Court lacks personal jurisdiction over AIMCO Foxchase, L.P., and all claims against that entity (or "AIMCO Corp., Inc.") should be dismissed.

3.    Improper Venue. Fed. R. Civ. P. 12(b)(3) provides that, upon motion, the Court may dismiss for improper venue. The Court should do so here. The Complaint appears to be based, at least in part, on alleged violations of federal law. The Complaint also includes claims against defendants located in both Virginia and the District of Columbia. Therefore, for venue to be proper in this Court under the general venue statute, the suit must be brought in a judicial district "where a substantial part of the events or omissions occurred giving rise to the

claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).

To the extent that the Complaint arises from the tenancy of Plaintiff at Foxchase, it is apparent that the cause of action arises from events in Alexandria, Virginia where Foxchase is located. Plaintiff has not and cannot identify "a substantial part" of relevant events giving rise to the claim that occurred in the District of Columbia. Likewise, the only "property" potentially at issue is the Foxchase of Alexandria community in Virginia.

Plaintiff has the burden of establishing venue in this District, but has not done so. Smith v. U.S. Investigations Servs., Inc., Civil Action No. 04-0711 (RMU), 2004 U.S. Dist. LEXIS 23504, at *4-5 (D.D.C. Nov. 18, 2004); H. Lewis Packaging, LLC v. Spectrum Plastics, Inc., 296 F. Supp. 2d 234, 240 (D. Conn. 2003).[4]

4.    Inadequate Initial Pleading.  The Complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the pleading requirements of Rule 8(a) require only a short and plain statement, "a complaint is subject to dismissal" where, as here, the Complaint "contains only vague and conclusory claims with no specific facts supporting the allegation" that would "give the defendant fair notice of the claims against him" so that he may "devise a competent defense." Hilska v. Jones, 217 F.R.D. 16, 21 (D.D.C. 2003) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)). As in another pro se case, "[a]llowing the plaintiff to proceed solely on

---

[4]  The RICO statute allows venue in the district in which a person "resides, is found, has an agent, or transacts his affairs," 18 U.S.C. § 1964(a), and other defendants can be summoned to such a district "where the ends of justice require." 18 U.S.C. § 1964(c). Even if the RICO claim were allowed to proceed despite its deficiencies, venue would not be proper in the District of Columbia because AIMCO Foxchase, L.P. does not transact business and is not found in the District of Columbia (Ex. A, Declaration of Martha Long, ¶ 4), and the "ends of justice" do not warrant venue here since the action arose in Virginia and all the named defendants should be available there. Crenshaw v. Antokol, 238 F. Supp. 2d 107, 113 (D.D.C. 2002).

unsubstantiated legal conclusions would render federal pleadings standards toothless and would unnecessarily burden the defendants." Nwachukwu v. Rooney, 362 F. Supp. 2d 183, 194 (D.D.C. 2005).

The Complaint is especially deficient with respect to the claim of "fraud," violation of the RICO statute, or any similar claim. Fraud must be pled with particularity. Fed. R. Civ. P. 9(b). Yet the "fraud" is not even described in the Complaint.

As noted above, a RICO claim must also be pled with a description of the factual basis for the statutory elements.[5] E.g., Doe I, 400 F. Supp. 2d at 119 (RICO claim insufficient where "[t]he Complaint's broad and vague assertions simply recite legal conclusions and regurgitate the RICO elements without directing the Court to specific facts"); Thomas v. Knight, 257 F. Supp. 2d 86, 94 n. 9 (D.D.C.), affirmed, No. 03-7041, 2003 WL 22239653 (D.C. Cir. Sept. 24, 2003); Byer Indus., Inc. v. Gulf Ins. Co., 888 F. Supp. 1 (D.D.C. 1995)("The allegations of this pleading, taken as true for purposes of the motion to dismiss, fail sufficiently to allege a predicate act or pattern of racketeering activity and cannot therefore support a claim under [RICO]"). Plaintiff has not done so.

We recognize that pro se parties are held to less stringent pleadings standards than other litigants. Nonetheless, "this consideration does not constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure or expect the court to decide what claims a plaintiff may or may not want to assert." Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987), cited with approval in Moore v. Agency for International Development, 994 F.2d 874, 876 (D.C. Cir. 1993). See Nwachukwu, 362 F. Supp. 2d at 194 (pro se complaint alleging constitutional

---

[5] The elements of a RICO claim are described in Danielsen v. Burnside-Ott Aviation Training Ctr., Inc., 941 F.2d 1220, 1231 (D.C. Cir. 1991).

violations dismissed where it "does not so much as hint at any reason why the defendants' conduct infringed the plaintiff's" constitutional rights").

      5. <u>The Claim Against Badami</u>.  Plaintiff has not articulated the factual or legal basis of his claim against Badami.  However, since Badami's only involvement with Plaintiff was as opposing counsel in proceedings before the Virginia Fair Housing Board and HUD (Ex. B, Badami Decl. ¶ 3.), Badami enjoys an absolute privilege from any libel suit for anything said or done during those investigative proceedings.  *E.g.*, <u>Stith v. Chadbourne & Parke, LLP</u>, 160 F. Supp. 2d 1, 8 (D.D.C. 2001)("communications by defendant to the EEOC" in the investigative phase "are entitled to an absolute privilege"); <u>Mazanderan v. McGranery</u>, 490 A.2d 180, 181-82 (D.C. 1984)("The application of absolute privilege has been extended to encompass quasi-judicial proceedings conducted by administrative bodies").  *See* <u>Marsh v. Hollander</u>, 339 F. Supp. 2d 1, 6 (D.D.C. 2004)(absolute immunity for statements made in judicial proceedings or "in preparing for litigation"); <u>Finkelstein, Thompson & Loughran v. Hemispherix Biopharma, Inc.</u>, 774 A.2d 332, 338 (D.C. 2001).  Since Plaintiff has not articulated any other possible basis for suing Badami, Plaintiff's claim against Badami should be dismissed on the merits.

      Because Plaintiff's Complaint is so deficient – respecting jurisdiction, venue, and substance – the Court should dismiss it without prejudice.

## II.    IN THE ALTERNATIVE, THE COURT SHOULD ORDER PLAINTIFF TO FILE AN AMENDED COMPLAINT WITH A MORE DEFINITE STATEMENT OF HIS CLAIMS

Where an initial pleading is "so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement" and shall "point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).  If the Court grants the motion and it is not obeyed, "the court may strike the pleading to which the motion was directed or make such order as it deems just."  Id.

Rule 12(e) is often utilized in cases, like this, involving *pro se* plaintiffs who fail to provide a clear statement of their claims.  *E.g.*, Unum v. First Unum Life Insurance Co., Civil Action No. 04-723 (RMC), 2005 U.S. Dist. LEXIS 6632, at *14 (D.D.C. Jan. 14, 2005); Hilska v. Jones, 217 F.R.D. at 21-22.

Plaintiff's initial pleading is so vague and ambiguous that it is impossible for AIMCO to know how to respond.   The numerous defects include the following:

-- Plaintiff has not pled any valid basis for jurisdiction, as required by Fed. R. Civ. P. 8(a)(1).

-- The Complaint does not indicate which claims are directed at which defendants. In particular, the Complaint does not set forth the wrongful acts allegedly performed by "AIMCO Corp." itself (or any other AIMCO entity) or Badami.

-- The Complaint does not identify any acts constituting a "fraud" by AIMCO or the other defendants, or give even the slightest indication as to what acts allegedly were fraudulent.  Fraud must be pled with particularity.  Fed. R. Civ. P. 9(b).

-- The Complaint does not allege any details about an "obstruction of justice" by AIMCO or other defendants, not does it identify a civil cause of action for any such obstruction.

Obstruction of justice is a criminal offense, not a civil cause of action *per se*.  Amariglio v. National R.R. Passenger Corp., 941 F. Supp. 173, 180 (D.D.C. 1996)("embezzlement and obstruction [of justice] claims are not recognized as civil actions").

-- The Complaint does not identify any details about the alleged "conspiracy," such as the participants in the alleged conspiracy, the nature of any agreement between two or more persons to participate in an unlawful act (or in a lawful act in an unlawful manner), an injury caused by unlawful overt act performed by one participant in the conspiracy, pursuant to and in furtherance of the unlawful scheme. These are among the required elements to allege a "conspiracy."  Weisphal v. Sowers, 771 A.2d 1014, 1023 (D.C. 2001).

-- The Complaint does not identify the "civil and constitutional rights" that were allegedly violated by AIMCO or other defendants, or any supporting facts. *See* Nwachukwu, 362 F. Supp. 2d at 194.

-- The Complaint does not allege any age-based conduct by AIMCO or other defendants that could support a claim under any age-discrimination statute.

-- The Complaint does not allege predicate acts or the other requirements for a civil, private claim against AIMCO or other defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961.  Nor does it allege an injury to Plaintiff's "business or property," as required in a civil RICO claim.  18 U.S.C. § 1964(c).  *See* note 5, *supra*.

Accordingly, the Court should order Plaintiff to submit a more definite statement of his claim against AIMCO, which should specify in reasonable detail the following:

-- The jurisdictional basis of each of his claims.

-- The basis for venue in this District.

-- The specific legal claims asserted against (a) AIMCO, (b) Badami, and (c) each of the other defendants.

-- A summary of the factual basis of each of the legal claims asserted against AIMCO, Badami, and each of the other defendants. Any claim of fraud should be pled with particularity.

-- The predicate acts by AIMCO and the other defendants that underlie his RICO claim, the factual basis for that allegation, and the alleged injury to his business or property.

### Conclusion

For the foregoing reasons, the motion should be granted. The claims against Badami and "AIMCO Corp., Inc." should be dismissed. In the alternative, the Court should order Plaintiff to amend his Complaint to provide a more definite statement of his claims.

Respectfully submitted,

Daniel I. Prywes (D.C. Bar No. 342394)
Bryan Cave LLP
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
(202) 508-6094 telephone
(202) 508-6200 facsimile

Date: April 3, 2006

Attorneys for Scott Badami, Esq. and
AIMCO Foxchase, L.P.

13

## Certificate of Service

I hereby certify that, on April 3, 2006, I caused a copy of the foregoing MOTION OF DEFENDANT SCOTT M. BADAMI, AND AIMCO FOXCHASE, L.P., TO DISMISS AND, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT, supporting memorandum, and proposed Order, to be served by first-class mail, postage-prepaid, upon:

> Mr. Mustafa Hassan
> 8245 Russell Road
> P.O. Box 6861
> Alexandria, VA 22306
>
> *Pro Se Plaintiff*
>
> R. Thomas Payne II, Esq.
> Assistant Attorney General
> Office of the Attorney General
> 900 East Main Street
> Richmond, Virginia 23219
>
> *Attorney for Defendants Hayes and Bedford*
>
> Michele Caramenico, Esq.
> U.S. Dept. of Housing and Urban Development
> The Wanamaker Building, 100 Penn Square East
> 11th Floor
> Philadelphia, PA 19107
>
> *Attorney for Robert Walker*

Daniel I. Prywes

#291166V4