UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MUSTAFA HASSAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPT. OF HOUSING AND ) <br> URBAN DEVELOPMENT, ) <br> ) <br> AIMCO CORPORATION, INC., ) <br> ) <br> FOXCHASE OF ALEXANDRIA, ) <br> ) <br> LIZBETH T. HAYES, ) <br> 3600 West Broad Street, 5th Floor ) <br> Richmond, Virginia 23230-4917 ) <br> ) <br> ANTONIO BEDFORD, ) <br> 3600 West Broad Street, 5th Floor ) <br> Richmond, Virginia 23230-4917 ) <br> ) <br> SCOTT M. BADAMI, ) <br> ) <br> and ROBERT WALKER, ) <br> ) <br> Defendants. ) <br> ) | Civil Case No.: <u>06-0172 EGS</u> |

<u>**DEFENDANTS LIZBETH T. HAYES AND ANTONIO BEDFORD'S MOTION TO**</u>

<u>**DISMISS PLAINTIFF MUSTAFA HASSAN'S AMENDED COMPLAINT, OR IN THE**</u>

<u>**ALTERNATIVE, MOTION FOR A MORE DEFINITIVE STATEMENT**</u>

**I. <u>MOTION TO DISMISS</u>**

Defendants Lizbeth T. Hayes, ("Hayes"), and Antonio Bedford, ("Bedford," or

collectively, "Defendants"), pursuant to Fed. R. Civ. P. 12(b), state the following in support of

their Motion to Dismiss the Amended Complaint filed by Plaintiff Mustafa Hassan (the "Amended Complaint"):

1. **THIS COURT LACKS JURISDICTION OVER THE SUBJECT MATTER.**

The Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 28 U.S.C. § 1915(d) because the court lacks jurisdiction over the subject matter. Pro se complaints, though held to "a less stringent standard than those drafted by trained counsel, require at least some minimum level of factual support for their claims." *See*, Demos v. Shalala, Civ. A. No. 94-1056, 1994 U.S. LEXIS 6519, at *1-2 (D.C. Cir. 1994) (pro se complaint in forma pauperis containing no discernible cause of action dismissed sua sponte) (internal citations omitted). If a complaint is without an arguable basis in law or in fact, then the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(d). *Id., citing* Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989).

Here, the Amended Complaint alleges jurisdiction is based on "28 U.S.C. 1333 §552[sic]", "28 U.S.C. §1254(2)," and "28 U.S.C. §2403(A)". The first cited code section deals with federal jurisdiction for admiralty and maritime cases, which apparently is not the subject matter of the Amended Complaint. Because this case is not ripe for appeal to the U.S. Supreme Court or federal Courts of Appeals, jurisdiction under 28 U.S.C §1254(2) is also improper. Finally, because the Amended Complaint does not present a situation in which a state or the United States is seeking to intervene on a constitutional question, there is no jurisdiction under 28 U.S.C. §2403(A).

In sum, the Amended Complaint fails to properly allege any basis in law for subject matter jurisdiction, and therefore, should be dismissed pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 12(b)(1).

### 2. THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS HAYES AND BEDFORD.

Dismissal of the Amended Complaint is further warranted under Fed. R. Civ. P. 12(b)(2) since this Court lacks personal jurisdiction over defendants Hayes and Bedford. If a defendant does not reside or maintain a principal place of business within the District of Columbia, personal jurisdiction may only be obtained through the District of Columbia's long-arm statute, D. C. Code § 13-423. *See*, Reuber v. United States, 750 F.2d 1039, 1049 (D.C. Cir. 1984). Where a complaint's allegations fail to sufficiently establish the minimum contacts necessary for the court to exercise personal jurisdiction over persons who do not reside or maintain a principal place of business in the District of Columbia, the complaint as to those defendants should be dismissed. *See*, Risley v. Hawk, 918 F. Supp. 18, 23 (D.D.C. 1996) (court did not have jurisdiction over defendants from California, Arizona, and Texas who were not alleged to have conducted business or to have made contracts within the District of Columbia).

In the present case, the Virginia Fair Housing Office, ("VFHO"), which is located in Richmond, Virginia, received a complaint alleging housing discrimination from plaintiff Mustafa Hassan in April 2003. (Exhibit A, Declaration of Lizbeth T. Hayes, ¶2). Hayes was the investigative supervisor for the VFHO (*Id.*), and Bedford was the investigator assigned to Mr. Hassan's fair housing complaint. (Exhibit B, Declaration of Antonio Bedford, ¶2). The investigation of this complaint took place exclusively in Virginia. (Exhibit A, Declaration of

Lizbeth T. Hayes, ¶¶ 5,8; Exhibit B, Declaration of Antonio Bedford, ¶¶ 5, 7) The results for this investigation were presented to the Virginia Fair Housing Board, ("Board"), in October 2003 for a determination of whether reasonable causes exists to believe that housing discrimination occurred as alleged in Mr. Hassan's fair housing complaint. (Exhibit A, Declaration of Lizbeth T. Hayes, ¶ 6; Exhibit B, Declaration of Antonio Bedford, ¶ 6) This board meeting occurred in Richmond, Virginia. (*Id.*) The Board determined that the evidence gathered in the investigation did not show that the respondents discriminated against Mr. Hassan based on his religion. (*Id.*) Once the investigation was closed, the file was sent to HUD's regional office in Richmond, Virginia. (Exhibit A, Declaration of Lizbeth T. Hayes, ¶ 7)

Because neither Hayes nor Bedford ever availed themselves to personal jurisdiction in the District of Columbia, their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) should be granted.

**3. VENUE IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA IS IMPROPER.**

This action has been brought in an improper venue and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3). Assuming jurisdiction for the allegations contained in the Amended Complaint is based on a federal question, venue is proper, under 28 U.S.C. § 1391(b), only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject to the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See,* Bertha El-Bey v. United States, No. 04-1231, 2004 U.S. Dist.

LEXIS 22789, at *4 (D.D.C. Sept. 28, 2004) (venue in the District of Columbia was improper where plaintiff resided and worked in Virginia, her wages were levied in Virginia, and the defendant employer and accounting firm were based in Virginia). The events, location of the property upon which this action is situated, and the residential status of most of the defendants in this case make it clear that venue in the District of Columbia is improper.

First, not all of the defendants reside in the District of Columbia. Defendants Hayes and Bedford are citizens of the Commonwealth of Virginia, and each is employed at the Virginia Fair Housing Office, an agency of the Commonwealth of Virginia, whose offices are located in Richmond, Virginia. (Exhibit A, Declaration of Lizbeth T. Hayes, ¶ 2; Exhibit B, Declaration of Antonio Bedford, ¶ 2) Further, the two corporations named by the plaintiff are, upon information and belief, Virginia corporations with their principle place of business in Virginia. Moreover, not even the plaintiff resides within the District of Columbia.

Second, the apartment complex from which the plaintiff was evicted is in Alexandria, Virginia. The alleged acts by other defendants associated with this eviction, if they did occur, would have occurred in Alexandria, Virginia. All acts performed by Hayes and Bedford that are allegedly a part of this lawsuit were conducted in Virginia. (Exhibit A, Declaration of Lizbeth T. Hayes, ¶ 5, 8; Exhibit B, Declaration of Antonio Bedford, ¶ 5, 7) Thus, a substantial amount of events that give rise to the claims in the Alleged Complaint occurred in Virginia, not the District of Columbia. Finally, it is clear there is a judicial district in which the defendants may be found. Given these conditions, venue is not proper in the District of Columbia. *See*, El-Bey, 2004 U.S. Dist. LEXIS 22789, at *4; *see also* Lamont v. Haig, 590 F.2d 1124, 1134-35 n. 62 (D.C. Cir. 1978).

Because proper venue for the allegations found in the Amended Complaint does not lie in the United States District Court for the District of Columbia, Hayes and Bedford request that this matter be dismissed pursuant to Fed. R. Civ. P. 12(b)(3). In the alternative, Hayes and Bedford request that this matter be transferred to the United States District Court for the Eastern District of Virginia.

## 4. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### A. Plaintiff's Allegations Fail To Establish Grounds Upon Which Defendants Hayes And Bedford, Both Government Officials, Are Not Entitled To Qualified Immunity.

Hayes and Bedford aver that they were acting in their official capacity as employees of the Virginia Fair Housing Office while investigating plaintiff Hassan's fair housing complaint filed with the VFHO (Exhibit A, Declaration of Lizbeth T. Hayes, ¶ 2-5; Exhibit B, Declaration of Antonio Bedford, ¶ 2-5), and therefore, are entitled to qualified or "good faith" immunity. *See*, Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982) (government officials performing discretionary functions are generally shielded from liability for civil damages). At the time of Mr. Hassan's fair housing complaint, Hayes was the investigative supervisor and Bedford was the investigator of Mr. Hassan's complaint. (*Id.*) All their activities in this investigation were taken in their official capacity as employees of the Virginia Fair Housing Office, an agency of the Commonwealth of Virginia's Department of Professional and Occupational Regulation. (*Id.*) Other than being named as defendants, the

Amended Complaint does not set forth any basis upon which Hayes and Bedford are involved in the allegations, much less how they are not entitled to this immunity.

Therefore, the Amended Complaint fails to state a claim upon which relief can be granted, and pursuant to Fed. R. Civ. P. 12(b)(6), the allegations against Hayes and Bedford should be dismissed.

### B. The Plaintiff Fails To Assert Any Legal Or Factual Basis To Support His Claims.

The Amended Complaint further fails to state a claim upon which relief can be granted since most of the statutes cited by the plaintiff are obviously inapplicable to the allegations he presents. *See*, Risley v. Hawk, 918 F. Supp. 18, 21-22 (D.D.C. 1996) (claims based on statutes and Constitutional Amendments that are "clearly inapplicable" to the facts posited by the complaint should be dismissed). As stated in subsection one (1) above, none of the statutes cited in the Amended Complaint to establish jurisdiction apply to the allegations contained therein. Additionally, the Amended Complaint alleges violations of the "Civil and Constitutional Rights 1965 and Old Age American 1988." These titles, assuming they are laws enacted by Congress, do not apparently exist.

As for allegations Hayes and Bedford violated the RICO Act, Fed. R. Civ. P. 9(b) requires that all averments of fraud "shall be stated with particularity." If the pleading fails to state with particularity the circumstances constituting fraud, the complaint should be dismissed. *See*, Anderson v. USAA Casualty Ins. Co., 221 F.R.D. 250 (D.D.C. 2004); *see also* Danielson v. Burnside-Ott Aviation Training Center, Inc., 941 F.2d 1220, 1229 (D.C. Cir. 1991) (court's "confidence in affirming the dismissal of this complaint rests" in part "on our conclusion that

plaintiffs' complaint does not allege the elements of a RICO claim for relief in any of its counts").

In the present matter, a careful review of the Amended Complaint reveals no allegations sufficient to establish grounds for a RICO claim against defendants Hayes or Bedford. In fact, the entire pleading is devoid of any statements of how Hayes and Bedford's conduct in investigating Mr. Hassan's fair housing complaint amounts to racketeering. Thus, not only does the Amended Complaint fail to plead allegations of fraud with particularity as required by Fed. R. Civ. P. 9(b), it also fails to state a RICO claim upon which relief can be granted.

For these reasons, the Amended Complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## 5. DEFENDANTS HAYES AND BEDFORD JOIN IN MOTIONS TO DISMISS FILED BY ANY OTHER DEFENDANTS IN THIS ACTION.

Defendants Hayes and Bedford join in any motions to dismiss filed by any of the other defendants named in the above-captioned action.

WHEREFORE, defendants Hayes and Bedford respectfully request that this Court enter an order dismissing plaintiff Hassan's Amended Complaint.

## II. MOTION FOR A MORE DEFINITIVE STATEMENT

In the alternative, pursuant to Fed. R. Civ. P. 12(e), defendants Lizbeth T. Hayes and Antonio Bedford, by counsel, move this Court for an order requiring plaintiff Mustafa Hassan

to provide a more definitive statement. In support of its motion, defendants Hayes and Bedford state:

1. Plaintiff Hassan's Amended Complaint is a four-page narrative statement without numbered paragraphs or counts. Further, the Amended Complaint, without the slightest hint of particularity, alleges "fraud, theft, obstruction of due process, [and] conspiracy in violation of the plaintiff['s] civil and constitutional rights." The Amended Complaint then mentions an illegal eviction and "blocking all the FIR Final Evidence" that would allow him to "prevail in matter before the Federal Housing and Urban Development." However, there are no allegations of any acts defendants Hayes and Bedford allegedly committed in the "fraud, theft, obstruction of due process, [and] conspiracy" allegations that are the basis of the Amended Complaint. Thus, the allegations of the Amended Complaint are so vague and ambiguous that defendants Hayes and Bedford cannot reasonably be required to frame a responsive pleading thereto.

2. Pursuant to Fed. R. Civ. P. 9(b), allegations of fraud must be stated with particularity. Even under the liberal pleadings standards set forth in Fed. R. Civ. P. 8 (a) and (e), the Amended Complaint fails to provide any particularity to the fraud allegations contained in the Amended Complaint, rendering the Amended Complaint unanswerable with regard to its fraud allegations.

3. Plaintiff's Amended Complaint alleges violations of the "Civil and Constitutional Rights 1965" and "Old Age American 1988." According to our legal research (including on the LEXIS© legal database of popular names for federal laws), it appears neither of these laws actually exists as cited, rendering

Defendants unable to even guess as to how to respond to any alleged violations of these "Acts."

4. Plaintiff Hassan's Amended Complaint further alleges defendants violated the "RICO Act 1961 1962 et seq as amended." However, the plaintiff fails to allege with any particularity any overt acts that form the basis of his RICO claim, and therefore, fails to meet even the liberal pleading requirements of Fed. R. Civ. P. 8.

WHEREFORE, should the above Motion to Dismiss not be granted by this Court, defendants Hayes and Bedford respectfully request this Court to enter an order requiring plaintiff Hassan to serve and file a more definitive statement within ten (10) days identifying what acts the defendants allegedly committed that form the basis of the allegations in his Amended Complaint, when such acts were allegedly committed, and why they should be held individually liable for any alleged acts committed in furtherance of the allegations in the Amended Complaint.

Respectfully Submitted,

LIZBETH T. HAYES, VIRGINIA FAIR HOUSING OFFICE DIRECTOR and ANTONIO BEDFORD, INVESTIGATOR
By Counsel

R. Thomas Payne II
Assistant Attorney General

Robert F. McDonnell
Attorney General of Virginia

Frank W. Pedrotty, Virginia State Bar No. 21582
Senior Assistant Attorney General

R. Thomas Payne II, Virginia Bar No. 47272
Assistant Attorney General

COMMONWEALTH OF VIRGINIA
OFFICE OF ATTORNEY GENERAL
900 East Main Street
Richmond, Virginia 23219
(804) 692-0485 (Voice)
(804) 225-3064 (Facsimile)
rpayne@oag.state.va.us

## CERTIFICATE OF SERVICE

I hereby certify that I mailed a true and exact copy of the *Defendant Lizbeth T. Hayes and Antonio Bedford's Motion to Dismiss Plaintiff Hassan's Amended Complaint, or in the alternative, Motion for a More Definitive Statement* by first class mail on April 5, 2006, to the following:

Mustafa Hassan, Plaintiff *pro se*
P.O. Box 686
Alexandria, Virginia 22306

Daniel I. Prywes, Esquire
Bryan Cave LLP
700 13th Street, N.W.
Washington, DC 20005
*Counsel for AIMCO Corp., Inc.
and Scott Badami*

Michelle Casamenico, Esquire
U.S. Dep't of Housing and Urban Development
The Wanamaker Building
100 Penn Square East, 11th Floor
Philadelphia, PA 19107
*Counsel for Robert Walker*

_____
R. Thomas Payne II
Assistant Attorney General