UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MUSTAFA HASSAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 1:06-cv-0172 EGS |
| ) | |
| AIMCO CORP., INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPLY MEMORANDUM OF DEFENDANTS AIMCO FOXCHASE, L.P., FOXCHASE OF VIRGINIA, AND SCOTT BADAMI IN FURTHER SUPPORT OF MOTION TO DISMISS**

Defendants AIMCO Foxchase, L.P. ("AIMCO"), Foxchase of Virginia (which is the same as AIMCO),[1] and Scott Badami submit this reply memorandum in further support of the April 3, 2006 motion to dismiss this action.

**Argument**

On April 3, 2006, defendants AIMCO and Badami moved to dismiss this lawsuit for lack of jurisdiction over the subject matter (Fed. R. Civ. P. 12(b)(1)); lack of personal jurisdiction over AIMCO (Fed. R. Civ. P. 12(b)(2)), improper venue (Fed. R. Civ. P. 12(b)(3)), inadequate initial pleading (Fed. R. Civ. P. 8(a)(2)), and failure to state a claim upon which relief can be granted against (Fed. R. Civ. P. 12(b)(6)). In the alternative, defendants sought a more definite statement of the claims (Fed. R. Civ. P. 12(e)).

On April 25, 2006, the Court received several documents from Plaintiff that comprise his "opposition" to the motion. His papers mainly complain that he was not provided information that he requested from AIMCO under the Freedom of Information Act ("FOIA"). In

---

[1] *See* Supplement Memorandum of AIMCO Foxchase, L.P. (filed April 14, 2006).

a separate memorandum filed today, we explain that FOIA applies only to information held by federal agencies, and not to information held by private firms such as AIMCO. 5 U.S.C. § 552(a) ("Each <u>agency</u> shall make available to the public information as follows")(emphasis added). Accordingly, Plaintiff's complaint about FOIA is meritless.

Plaintiff did not respond at all to the Defendants' contentions that the Court lacks jurisdiction over the subject matter, lacks personal jurisdiction over AIMCO, and that venue is improper. As noted in our opening brief (at 5, 6, 8), Plaintiff carries the burden of proof to establish jurisdiction and venue. Since Plaintiff has offered nothing to counter the evidence and argument mustered by AIMCO, the Court should grant the motion and dismiss this action.

Plaintiff apparently seeks to cure the defects in his Complaint by citing a long list of statutory provisions. However, he does not plead the elements of any cause of action under any of these statutes. His points are mostly unintelligible, and it is not possible from them to discern his actual grievance (aside from the FOIA issue addressed above) or the facts that would support a claim under any of the cited statutes.

In particular, Plaintiff alleges in general terms that AIMCO and Badami committed a fraud. However, no details are provided. Since fraud must be pled with particularity, Fed. R. Civ. P. 9(b), these claims should be dismissed.

Additionally, Plaintiff did not even address our contention that the conduct of defendant Badami, an attorney, in proceedings before a Virginia administrative agency, is protected by an absolute privilege that renders Badami immune from any suit arising from such conduct.

At this point, there is no point in requiring Plaintiff to submit a more definite statement of his claims. He has not established jurisdiction or venue. Even making full

allowance for Plaintiff's status as a *pro se* litigant, it is evident that he is unwilling to make a serious effort to provide even a rudimentary explanation of the nature and factual basis of his claims (other than those under FOIA, which are meritless for the reasons noted above). Defendants have an interest in being free of litigation that is not supported by any facts and where the basic elements of jurisdiction, venue, and adequate pleadings have not been met.

Defendants submit that the case should be dismissed, with instructions that Plaintiff should not file it again in this District unless Plaintiff has grounds to support jurisdiction and venue in this District. Such an action will also provide Plaintiff with time to enlist the *pro bono* legal assistance that he desires.

## Conclusion

For the foregoing reasons, and those stated in our opening brief, the motion to dismiss should be granted.

Respectfully submitted,

_____
Daniel I. Prywes (D.C. Bar No. 342394)
Bryan Cave LLP
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
(202) 508-6094 telephone
(202) 508-6200 facsimile

Attorneys for Defendant Scott M. Badami, Esq., and for AIMCO Foxchase, L.P.

Date: April 28, 2006

3

## Certificate of Service

I hereby certify that, on April 28, 2006, I caused a copy of the foregoing Reply to be served by first-class mail, postage-prepaid, upon:

Mr. Mustafa Hassan
8245 Russell Road
P.O. Box 6861
Alexandria, VA  22306

*Pro Se Plaintiff*

Michele Caramenico, Esq.
U.S. Dept. of Housing and Urban Development
The Wanamaker Building, 100 Penn Square East
11th Floor
Philadelphia, PA 19107

*Attorney for Robert Walker*

_____
Daniel I. Prywes