UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MUSTAFA HASSAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: <u>1:06-cv-0172 (EGS)</u> |
| | ) |
| U.S. DEPT. OF HOUSING AND | ) |
| URBAN DEVELOPMENT, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## <u>DEFENDANTS LIZ HAYES AND ANTONIO BEDFORD'S MOTION TO STAY</u>

COMES NOW, Defendants Liz Hayes, ("Hayes"), and Antonio Bedford, ("Bedford"), by counsel, and moves this Court to grant Defendants Hayes and Bedford a stay to all responses to any further motions by Plaintiff until this Court has ruled on Defendants' Motions to Dismiss. In support of this Motion, Defendants Hayes and Bedford state as follows.

### <u>ARGUMENT</u>

Defendants have just responded to Plaintiff's third motion seeking pro bono counsel. Since Defendants submitted their Motions to Dismiss Plaintiff's Amended Complaint in early April, Plaintiff has filed eight (8) motions - for a stay, for mediation, for sanctions, for pro bono counsel, and for other relief.[1] In addition to the two motions for sanctions he has filed against AIMCO Foxchase and Martha Long, Plaintiff has on two occasions threatened to seek sanctions

---

[1] The eight motions are: (1) Document 14, Motion for Relief, 04/04/06; (2) Document 19, Motion for Pro Bono, 04/24/06; (3) Document 20, Motion to Stay, 04/24/06; (4) Document 21, Motion for Mediation, 04/25/06; (5) Document 22, Motion for Sanctions, 04/25/06; (6) Document 24, (Proposed) Order, 04/25/06; (7) Document 37, Order for Sanctions, 05/04/06; and (8) Document 42, Motion to Show Cause, 05/23/06.

from Defendants Hayes and Bedford, as well as the undersigned counsel, (*See*, Plaintiff's Order for Sanctions and Penalty (not filed), received 05/08/2006, attached hereto as Exhibit "A"), and to file criminal and ethical complaints against the Defendants, the undersigned counsel, "and any other attorneys who represent Defendants Hayes and Bedford." (*See*, Letter from M. Hassan, dated 05/21/2006, attached hereto as Exhibit "B")[2]  Plaintiffs should not be allowed to inundate the court and defendants with multiple motions that are without merit and a waste of this Court's (and defendants') time and resources.  *See*, Whitehead v. Paramount Pictures Corp., 145 F. Supp. 2d 3 (D.D.C. 2001) (Plaintiff who filed nine motions seeking various types of reconsideration and relief that were "frivolous" and "without merit" had action dismissed and court barred further filings without court's determination of whether leave to file shall be granted).  While Defendants do not contend that the plaintiff here is engaged in this litigation for the same vile purposes of the plaintiff in Whitehead, the effects of Plaintiff's multiple, and in some instances duplicative, motions are, we submit, equally without merit and draining on the Court's, as well as the defendants', time and resources.

As we have indicated in our Motion to Dismiss, Plaintiff disagrees with the results of his fair housing complaint in which the Virginia Fair Housing Board did not find reasonable cause to believe respondent AIMCO Foxchase, L.P., a defendant in this matter, discriminated against Plaintiff as he had alleged.  Defendants, in their official capacity as employees of the Virginia Fair Housing Office, conducted a thorough and objective investigation of Plaintiff's allegations of housing discrimination.  This investigation was presented to the Virginia Fair Housing Board, which determined the allegations were unsupported by objective evidence.  The file was then closed and sent to HUD, which reviewed the file and asked Defendants to follow up on several

---

[2] The fact that Plaintiff wants legal representation from those who he considers worthy of ethical and criminal charges in and of itself speaks to the harassing nature of this lawsuit and are further indication of Plaintiff's attempt to intimidate defendants and their counsel.

issues they noted. Defendants complied with this request, presented the additional information to HUD, and HUD took no further action on Plaintiff's case. Though the administrative process was exhausted, Plaintiff was still at liberty to bring a private action against the respondents pursuant to Va. Code Ann. § 36-96.18, but he failed to do so.

Instead, after the statute of limitation for his fair housing complaint ran, Plaintiff brought this complaint with the apparent intention to harass the Defendants until he receives the relief he seeks, without regard to the rules of procedure, the facts, or the applicable law. While Defendants understand that Plaintiff is a *pro se* litigant and thus is entitled to some latitude regarding the procedural rules, Plaintiff's conduct has, nevertheless, crossed over that line to become an abuse of the legal system.

WHEREFORE, Defendants Hayes and Bedford respectfully ask this Court to grant a stay to all responses to any further motions by Plaintiff until this Court has had the opportunity to rule on Defendants' Motions to Dismiss.

> Respectfully submitted,
>
> DEFENDANTS LIZBETH T. HAYES and
> ANTONIO BEDFORD, of the Virginia Fair
> Housing Office,
>
> By: _____
> R. Thomas Payne II (VSB No.: 47272)
> Assistant Attorney General
> OFFICE OF VIRGINIA ATTORNEY
> GENERAL ROBERT F. McDONNELL
> 900 E. Main Street, 5th Floor
> Richmond, VA 23219
> (804) 692-0485 Telephone
> (804) 225-3064 Facsimile

Date: June 5, 2006

## CERTIFICATE OF SERVICE AND TRANSMISSION

I hereby certify that I mailed a true and exact copy of the above *Defendants Lizbeth T. Hayes and Antonio Bedford's Motion to Stay* by first class mail on the 5th of June, 2006, to the following:

Mustafa Hassan
Post Office Box 6861
Alexandria, Virginia 22306
*Plaintiff pro se*

Michelle Caramenico, Esquire
U.S. Dep't of Housing and Urban Development
The Wanamaker Building
100 Penn Square East, 11th Floor
Philadelphia, Pennsylvania 19107
*Counsel for Robert Walker*

To be served via e-mail by the Court's electronic case filing service:

Daniel I. Prywes, Esquire
Bryan Cave, LLP
*Counsel for Defendants Scott M. Badami, Esq., and*
*for AIMCO Foxchase, L.P.*

_____
R. Thomas Payne II
Assistant Attorney General