UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MUSTAFA HASSAN, | ) |
|       Plaintiff | ) |
|     v. | ) Civil Action No. 06-00172(EGS) |
| U.S. HOUSING AND URBAN DEVELOPMENT, et al., | ) |
|       Defendants. | ) |

**DEFENDANT ROBERT WALKER'S MOTION TO DISMISS**

Pursuant to Rules 12(b)(1), 12(b)(6) and 12(b)(5) of the Federal Rules of Civil Procedure, Robert Walker, an employee of the U.S. Department of Housing and Urban Development (HUD)[1], by and through his undersigned counsel, respectfully moves this Court to dismiss the above-captioned Complaint as to him. In support of the motion, the Court is respectfully referred to the accompanying memorandum of points and authorities. A proposed Order, consistent with the relief requested in this motion, is also attached hereto.

          Respectfully Submitted,

          /s/ Kenneth L. Wainstein /dvh
          _____
          KENNETH L. WAINSTEIN, D.C. BAR #451058
          United States Attorney

---

[1] On January 31, 2006, Plaintiff filed an original complaint in which he named HUD, and employees of HUD as federal defendants. Plaintiff did not name Mr. Walker as one of the employee-defendants in his original complaint. On that same day, he amended his complaint naming only Mr. Walker as a federal defendant. Given Plaintiff's amendment, all federal defendants named in Plaintiff's original complaint were terminated from this action as reflected on the Court's docket. See also Anderson v. U.S.A.A. Cas. Ins. Co., 218 F.R.D. 307, 311 (D.D.C. 2003)("Because the amended complaint supersedes the original complaint, the amended complaint is. . .the operative complaint" for purposes of judicial review.)

/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the
 District of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph: (202) 307-0492

OF COUNSEL:

Ann E. Harrison
Regional Counsel, HUD Region III

Kevin F. Carlin
Associate Regional Counsel for Litigation
 and Program Enforcement

Michele Caramenico
Law Clerk

U.S. Department of Housing and
 Urban Development
Office of Regional Counsel
Philadelphia, PA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MUSTAFA HASSAN, | ) |
|       Plaintiff | ) |
| v. | ) Civil Action No. 06-00172(EGS) |
| U.S. HOUSING AND URBAN DEVELOPMENT, et al., | ) |
|       Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROBERT WALKER'S MOTION TO DISMISS**

Pursuant to Rules 12(b)(1), 12(b)(6) and 12(b)(5) of the Federal Rules of Civil Procedure, defendant, Robert Walker, moves to dismiss this suit for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and insufficiency of service of process.

**I.   INTRODUCTION**

On January 31, 2006, the pro se Plaintiff filed a handwritten amended complaint naming, among others, Robert Walker, in his individual capacity.[1] Mr. Walker is an employee of the U.S. Department of Housing and Urban Development (HUD); he was formerly the Acting Director of the Office of Field Oversight. See Exhibit A, Declaration of Robert Walker.

---

[1] "Because the amended complaint supersedes the original complaint, the amended complaint is. . .the operative complaint" for purposes of judicial review. Anderson v. U.S.A.A. Cas. Ins. Co., 218 F.R.D. 307, 311 (D.D.C. 2003).

In brief, Plaintiff has previously filed two fair housing complaints with HUD.[2] On May 14, 2003, Plaintiff filed a fair housing complaint with HUD against his landlord, Foxchase of Virginia (Foxchase), wherein Plaintiff alleged that the landlord had barred him from using the courtesy shuttle and had refused to paint his unit and clean or replace his carpeting on the basis of his race and national origin, HUD Case number 03-03-0235-8. In compliance with the cooperative agreement between the Department and the Commonwealth of Virginia, this case was forwarded to the Virginia Real Estate Board, a state agency, for investigation. After investigation, that office issued a Determination of "No Reasonable Cause" to believe an unlawful discriminatory housing practice had occurred. See Exhibit B. The Determination was issued on October 27, 2003. Id. HUD then conducted its own investigation and also concluded that Plaintiff had not been subjected to discrimination in regards to the bases alleged.

Plaintiff then violated his lease by refusing to pay his rent for the months of November and December 2003. See Exhibit C, Determination, page 3. Plaintiff was evicted in January

---

[2] HUD investigates complaints that allege violations of the Fair Housing Act (FHA), 42 U.S.C. § 3601 et seq. The FHA provides a mechanism for an aggrieved party to seek redress where discrimination occurs on the basis of race, color, religion, sex, familial status, national origin, or disability in the context of the sale or rental of housing. See 42 U.S.C. § 3604. An aggrieved person may file a complaint with HUD alleging a discriminatory housing practice. 42 U.S.C. § 3610. The aggrieved person may also file a judicial complaint against the alleged perpetrator of the housing practice in the U.S. District Court or a State Court. 42 U.S.C. § 3613. While the FHA provides an avenue for an aggrieved party to seek redress against the perpetrator of an alleged discriminatory act, [42 U.S.C. § 3602(d)], it does not provide for redress against HUD with respect to HUD's handling of a housing discrimination complaint. Congress provided no express cause of action pursuant to the FHA against HUD for HUD's alleged failure to investigate or for alleged mishandling of a complaint filed with HUD under the FHA. See, e.g., Turner v. U.S. Dept of Housing and Urban Development, 449 F.3d 536, 540-41 (3d Cir. 2006); Marinoff v. United States Department of Housing and Urban Development, 892 F.Supp. 493, 496 (S.D.N.Y. 1995), aff'd 78 F.3d 64 (2nd Cir. 1996).

2004.[3]  Plaintiff then filed a second fair housing complaint with the Department on March 31, 2004, HUD Case number 03-04-0236-8.  See Exhibit D.  At the time of the filing, Plaintiff acknowledged that his rent was in arrears but stated that he was evicted because he had previously filed a fair housing complaint.  See Exhibit C, Determination, page 3.  HUD investigated and found that there was not enough evidence to support Plaintiff's allegation that he was evicted in retaliation for exercising his fair housing rights.  Id. at 4.  The investigation revealed no unlawful discriminatory animus or conduct on the part of Foxchase management in enforcing its policies regarding late payment of rent.  Id. at 3.

Plaintiff subsequently attempted to reopen the investigation of his first complaint, HUD Case No. 03-03-0235-8.  See Exhibit E, Letter from Plaintiff to the Department, dated July 6, 2004.  Plaintiff later submitted a letter wherein he made allegations regarding misconduct by HUD staff.  See Exhibit F, Letter from Plaintiff to Department, dated November 29, 2004.  By letter dated March 21, 2005, Plaintiff was notified that HUD would not reopen the investigation of his fair housing complaint because the investigation had been done by a fair housing agency in the State of Virginia. See Exhibit G, Letter from Turner Russell to Plaintiff.  The correspondence noted that the fair housing complaint was investigated by both the Virginia Real Estate Board and HUD's Mid-Atlantic Office of Fair Housing and Equal Opportunity.  Id.  Both had determined that reasonable cause did not exist to believe that a discriminatory housing practice

---

[3] The management company began the process of evicting Plaintiff in December 2003. See Exhibit C, Determination, page 2.  He received a Summons for Unlawful Detainer ordering him to appear before the Alexandria General District Court on December 11, 2003 to answer the civil claim.  Id.  Judgment was granted in favor of Foxchase.  Id.  Plaintiff's appeal was unsuccessful and he was evicted on January 20, 2004.  Id.

3

had occurred, but that Plaintiff could attempt to reopen the investigation by contacting the Virginia Fair Housing Office. Id.

Plaintiff was also notified that his correspondence alleging misconduct on the part of HUD employees was being sent to Robert Walker, Acting Director of the Office of Field Oversight (OFO). Id. The OFO is responsible for investigating allegations of misconduct on the part of HUD staff to ensure compliance with HUD's personnel standards of employee conduct.

OFO conducted an internal investigation into the claims of misconduct by HUD staff. See Exhibit H, Letter from Brenda Cleaver for Linda Thompson, Director of OFO to Plaintiff, dated June 2, 2005. Based upon this investigation, no evidence of misconduct on the part of HUD staff was revealed. Id. HUD has continued to respond to Plaintiff's allegations. See Exhibit I, Letters to Plaintiff from HUD staff.

The amended complaint fails to state any grounds for naming Robert Walker. There are no allegations made against him in the amended complaint; Mr. Walker's name only appears in the caption and does not appear in the body of the complaint. Mr. Walker has speculated that he has been named in the present suit because he encumbered the position of Acting Director of the Office of Field Oversight and, as such, his name was provided to Plaintiff as the person who would be investigating claims of misconduct by HUD employees. See Exhibit A, Declaration of Robert Walker.

Plaintiff's pleading is improper because it fails to allege either the elements of his claim or the basis of jurisdiction. Because the complaint fails to state the elements of Plaintiff's claim, it should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. As an alternative, the action should be dismissed under Federal Rule of Civil Procedure 12(b)(1)

for lack of subject matter jurisdiction. Independent of those grounds, the claim against Robert Walker must be dismissed for insufficiency of service of process.

## II. STANDARD OF REVIEW

### A. Dismissal for Lack of Subject matter Jurisdiction under Fed. R. Civ. P. 12(b)(1)

A motion under 12(b)(1) "presents a threshold challenge to the court's jurisdiction . . . ." Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987). Specifically, "subject matter jurisdiction deals with the power of the court to hear [a] plaintiff's claims in the first place, and therefore imposes upon the court an affirmative obligation to ensure that they are acting within the scope of their jurisdictional power." 4 Wright & Miller: Federal Practice & Procedure § 1350 (R12)(2002 Supplement).

The facts providing the court jurisdiction must be affirmatively alleged in the complaint. McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936) (holding "the party who seeks the exercise of jurisdiction in his favor . . . must allege in his pleadings the facts essential to show jurisdiction"). Plaintiffs bear the burden of establishing, by a preponderance, that the Court possesses jurisdiction. See Shekoyan v. Sibley International Corp., 217 F. Supp. 2d 59, 63 (D.D.C. 2002). When the allegations in a complaint are insufficient to show that the Court has jurisdiction over the subject matter, a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate. See 5A Wright & Miller, Federal Practice and Procedure, § 1350, 211-12 (1990). The party asserting the existence of federal court jurisdiction bears the burden of proving that jurisdiction over his claim actually exists. McNutt, 298 U.S. at 198.

When considering a challenge to a court's jurisdiction under Fed. R. Civ. P. 12(b)(1), a court ordinarily need not limit its inquiry to the facts as pled in the complaint. Land v. Dollar,

5

330 U.S. 731, 735 (1947). Rather, the district court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See Herbert v. National Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); Lockamy v. Truesdale, 182 F. Supp. 2d 26, 30-31 (D.D.C. 2001).

**B.  Dismissal for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the adequacy of a complaint on its face, testing whether the plaintiff has properly stated a claim. National Treasury Employees Union v. Chertoff, 385 F. Supp. 2d 1, 15 (D.D.C. 2005). If the plaintiff can prove no set of facts in support of his claim that would entitle him to relief, a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted. See Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Although the plaintiff is given the benefit of all inferences that reasonably can be derived from the facts alleged in the complaint, the court need not accept inferences that are not supported by such facts, nor must the court accept plaintiff's legal conclusions cast in the form of factual allegations. Id.

**III.  ARGUMENT**

**A.  Because the Plaintiff has failed to assert the basis of the Court's jurisdiction, the Court lacks subject matter jurisdiction over Plaintiff's claims.**

The facts providing the court jurisdiction must be affirmatively alleged in the complaint. McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936). To this end, Rule 8(a)(1) of the Federal Rules of Civil Procedure requires that pleadings setting forth a claim for relief provide "a short plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to

6

support it." Fed.R.Civ.P. 8(a)(1); see also 13 Wright & Miller, Federal Practice and Procedure § 3521 (1984).  When the allegations in a complaint are insufficient to show that the Court has jurisdiction over the subject matter, a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate.  See 5A Wright & Miller, Federal Practice and Procedure, § 1350, 211-12 (1990).  Thus, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a patently insubstantial complaint may be dismissed for want of subject matter jurisdiction.  See Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989); see also Best v. Kelly, 39 F.3d 328, 331 n.5 (D.C. Cir. 1994) (complaints may be dismissed under Rule 12(b)(1) for resting on truly fanciful allegations).

　　　　Plaintiff has failed to discharge his burden because he has not asserted a tenable basis for the Court's jurisdiction.  Plaintiff's Amended Complaint cites four statutes.  None of the cited statutes has any application to the instant case.  Plaintiff first cites 28 U.S.C. § 1333, which relates to jurisdiction for admiralty, maritime, and prize cases.  Plaintiff next cites 28 U.S.C. § 552, which was repealed in 1966, and no longer exists.  Plaintiff next cites 28 U.S.C. § 1254(2), which provides jurisdiction for the Supreme Court to review cases.  Plaintiff then cites 28 U.S.C. § 2403, which relates to the right of the Unites States to intervene in cases where the constitutionality of any Act of Congress is being challenged.  Moreover, the Amended Complaint is patently insubstantial in that it fails to assert facts that would provide some possible basis for jurisdiction.  Plaintiff has failed to meet his burden of establishing jurisdiction over the subject matter of this dispute and the claim must be dismissed under 12(b)(1).

> **B.      Because the amended complaint fails to assert the basis of naming Robert Walker and fails to allege facts which would overcome Mr. Walker's defense of qualified immunity, Plaintiff has failed to state a claim for which relief can be granted.**

Claims of qualified immunity require a two-step analysis. First, the court must consider whether the facts, taken in the light most favorable to the plaintiff, show that the government official violated a clearly established constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001). If the allegations do not establish the violation of a constitutional right, the government official is entitled to immunity. Id. If the allegations could make out a constitutional violation, the court must then ask whether the right was clearly established. Id.

Here, Plaintiff's claim fails the first step of the analysis. Plaintiff has failed to show that Robert Walker violated his constitutional rights. Further, the amended complaint is entirely devoid as to any legally cognizable wrongdoing on the part of Robert Walker. Mr. Walker avers that he was acting in his official capacity as an employee of HUD's Office of Field Oversight while investigating Plaintiff's claim of wrongdoing on the part of HUD staff. See Exhibit A, Declaration of Robert Walker. Because any actions undertaken by Mr. Walker in investigating the allegations raised by Plaintiff were done in his official capacity, Mr. Walker is entitled to qualified or "good faith" immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (government officials performing discretionary functions are shielded from civil liability so long as their actions were objectively reasonable).

Qualified immunity is not simply immunity from damages but from having to participate in the civil proceedings. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). See also Kalka v. Hawk, 215 F.3d 90, 97 (D.C. Cir. 2000) (noting that qualified immunity is an entitlement to immunity from suit and not merely a defense to liability). The validity of a qualified immunity defense

8

therefore should be determined as early as possible, preferably before discovery and trial. Anderson v. Creighton, 483 U.S. 635, 640 n.2 (1987).  Because the question of immunity is distinguishable from the merits, immunity can be decided on the basis of the allegations of the complaint. Mitchell v. Forsyth, 472 U.S. 511, 528 (1985).

Although pleadings presented by pro se plaintiffs are held to a less exacting standard, such pleadings must nevertheless present a claim upon which relief may be granted.  Slaby v. Fairbridge, 3 F.Supp. 2d 22, 27 (D.D.C. 1998).   Further, a plaintiff bringing suit against a public official must allege facts supporting his claim.  See Martin v. Malhoyt, 830 F.2d 237, 257 (D.C. Cir. 1987) (recognizing plaintiffs bringing suit against public officials generally must plead greater factual specificity and particularity than is usually required; conclusory allegations of constitutional or otherwise illegal conduct will not withstand public official's dispositive pretrial motion premised on immunity).

As stated above, Plaintiff fails to even name Mr. Walker in the body of the complaint. Other than being named as a defendant, Plaintiff's amended complaint fails to set forth any basis upon which Mr. Walker committed any wrongdoing.   Based on the foregoing, the amended complaint fails to state a claim upon which relief can be granted and the claims against Mr. Walker should be dismissed as to him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    **C.**    **Plaintiff's claim against Robert Walker must be dismissed for insufficiency of service of process under Fed. R. Civ. P. 12(b)(5).**

Service on an employee of the United States sued in an individual capacity is effected by serving both the employee in the manner prescribed by Rule 4 (e), (f) or (g) and by serving the United States in a manner prescribed by Rule 4(i)(1).   Fed. R. Civ. P. 4(i) (2)(B).   Robert

9

Walker, a HUD employee, is apparently being sued in his individual capacity. It appears that Mr. Walker is being sued for acts performed in his duties as an employee of the Federal government. Here, a copy of the amended complaint was received, and signed for, by a HUD employee, a clerk in the Office of General Counsel, on March 20, 2006. See Exhibit J, Process Receipt and Return. Mr. Walker subsequently received a copy of the complaint. See Exhibit A, Declaration of Robert Walker. The civil docket indicates that Plaintiff has failed to serve the United States.

### 1. Plaintiff failed to serve Robert Walker in accordance with Fed. R. Civ. P. 4(e), (f) or (g).

It is well established that, in an action against a federal employee, individual service on the federal employee is always required whenever the employee is sued in an individual capacity. Fed. R. Civ. P. 4(i)(2)(B); See Simpkins v. District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997). Rule 4(e) of the Federal Rules of Civil Procedure prescribes the methods for service upon an employee sued in his individual capacity. Rule 4(e) provides that service is effectuated by complying with the laws of the state in which the district is located, by delivering a copy of the summons and complaint to the defendant (or his appointed agent) personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e). The SCR-Civil 4(e) allows for service upon individuals by first class, certified or registered mail.

Plaintiff has not effected proper service on Mr. Walker. As stated above, the amended complaint was left with a clerk in HUD's Office of General Counsel. See Exhibit A, Exhibit J. Service of the clerk in HUD's Office of General Counsel was not proper service; service of process at a person's place of business is improper. Martin v. Coca Cola Co., 785 F. Supp. 3,4

(D.C. Cir. 1992) (leaving summons and complaint at defendant's office insufficient to effect service on individual defendant); see also Kerner v. Cult Awareness Network, Civ. A. No. 92-2239, 1993 WL 62190 *1 (D.D.C. Feb. 26, 1993) (service upon an individual cannot be effected by leaving process at his business office, even if the process is left with secretary). Further, according to Departmental policy, "Authority to accept service of summons and complaint or other court demand against an employee named in an individual capacity resides only in that employee." Office of General Counsel, U.S. Department of Housing and Urban Development, 1530.1 Rev. 5, Litigation Handbook (2004).

> **2.  In addition to failing to perfect service upon Robert Walker, Plaintiff has failed to effect service upon the United States**.

As stated above, service upon a federal employee sued in his individual capacity is effected by serving both the employee and the United States. Fed. R. Civ. P. 4(i)(2)(B). Under Fed. R. Civ. P. 4(i)(1), service on the United States shall be effected by serving the U.S. Attorney for the district in which the action was brought and by sending a copy of the summons and complaint to the Attorney General of the United States and "in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the of the summons and complaint to the officer or agency." Fed. R. Civ. P. 4(i)(A-C). Here, the docket has no notation of the U.S. Attorney or the Attorney General being served.

Because the Plaintiff has failed to perfect service, the claim against Robert Walker must be dismissed under Rule 12(b)(5) of the Federal Rules of Civil Procedure on the basis of insufficiency of service of process.

### D. Because his allegation of poverty is untrue, Plaintiff's claim should be dismissed.

On January 19, 2006, Plaintiff signed and filed an application to proceed <u>in forma pauperis</u> (IFP). <u>See</u> Exhibit K. In doing so, Plaintiff answered "no" to the following questions:

> In the past twelve months have you received any money from any of the following sources?
>   a. Business, profession or other self-employment
>   b. Rent payments, interest or dividends
>   c. Pensions, annuities or life insurance payments
>   d. Disability or workers compensation payments
>   e. Gifts or inheritances
>   f. Any other sources

Plaintiff signed the IFP petition under penalty of perjury that the information provided was true and correct. <u>Id.</u> at page 2. Based on his petition, the court granted Plaintiff IFP status thus allowing him to file the instant case without paying any fees. <u>Id.</u>

Plaintiff's representations concerning his income were untrue. In the instant case, Plaintiff provided his 2005 Social Security Benefit Statement. <u>See</u> Exhibit L. According to the statement, Plaintiff received $12, 338.40 in benefits in the year 2005. <u>Id.</u> Given this income, Plaintiff's answer to 3(f) was untrue.

The IFP statute, 28 U.S.C. § 1915, is designed to ensure that indigent persons have access to the federal judicial system. <u>Coppedge v. United States</u>, 369 U.S. 438, 446 (1962). To this end, the statute allows an indigent person to commence an action in federal court by filing "in good faith" an affidavit stating that he is unable to pay the costs of the lawsuit. <u>Neitzke v. Williams</u>, 490 U.S. 319, 320 (1989). The statute also contains provisions to prevent abuse. As explained by the Supreme Court:

> Congress recognized . . . that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

>economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. To prevent such abusive or captious litigation, § 1915(d) [now §1915(e)] authorizes federal courts to dismiss a claim filed in forma pauperis 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.' Dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. Id.

As relevant to the case at bar, the statute specifically provides that "the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A) (2003) (emphasis added).

Courts have interpreted 28 U.S.C. § 1915(e)(2)(A) to allow dismissal with prejudice when an IFP plaintiff has intentionally misrepresented his financial situation. See Dow v. Nuclear Regulatory Commission, No. 92-1348, 1993 WL 260780, *1 (D.C. Cir. June 4, 1993) (per curiam) (dismissing appeal sua sponte "in light of petitioners' deliberate failure to disclose in their applications for IFP status their ownership of certain real property"). Compare, e.g., Romesburg v. Trickey, 908 F.2d 258, 259-260 (8th Cir. 1990) (affirming dismissal with prejudice of IFP complaint based on plaintiff's failure to disclose real property worth $5,000); McCoy v. White, 145 F.R.D. 393, 395 (D. MD 1992), cert. denied, 525 U.S. 839 (1998) (dismissing with prejudice five lawsuits in which plaintiff had represented that he was without funds when he actually had amounts ranging from $76.71 to $2,121.30).

Although it is not clear whether Plaintiff misrepresented his income intentionally, the instant complaint should be dismissed due to the false allegation of poverty.

## IV.   CONCLUSION

For all of the foregoing reasons, it is respectfully requested that the Court enter an Order dismissing the complaint with prejudice.

Respectfully Submitted,

/s/ Kenneth L. Wainstein /dvh
_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney

/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the
 District of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C.  20530
Ph:  (202) 307-0492

OF COUNSEL:

Ann E. Harrison
Regional Counsel, HUD Region III

Kevin F. Carlin
Associate Regional Counsel for Litigation
 and Program Enforcement

Michele Caramenico
Law Clerk

U.S. Department of Housing and
 Urban Development
Office of Regional Counsel
Philadelphia, Pennsylvania

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of Defendant Robert Walker's Motion to Dismiss, the memorandum in support thereof, and a proposed Order were made by the Court's Electronic Case Filing System and first class, postage prepaid mail this 30th day of June, 2006 to:

Mustafa Hassan, Plaintiff pro se
8245 Russell Road
P.O. Box 6861
Alexandria, Virginia 22306

Service was also made by the Court's Electronic Case Filing System, this 30th day of June, 2006 to:

Counsel for Defendant Amico Corp., Inc.
Daniel I. Prywes
BRYAN CAVE LLP
700 13th Street, N.W.
Washington, D.C. 20005
daniel.prywes@bryancave.com

Counsel for Defendant T. Elizabeth Hayes
Robert Thomas Payne, II
Virginia Office of Attorney General
900 East Main Street, Fifth Floor
Richmond, Virginia 23219
rpayne@oag.state.va.us

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney