

# COMMONWEALTH of VIRGINIA
## DEPARTMENT OF PROFESSIONAL AND OCCUPATIONAL REGULATION
3600 West Broad Street, Richmond, Virginia 23230-4917
Telephone: (804) 367-8500  TDD: (804) 367-9753
http://www.state.va.us/dpor

NE WARE
OR

EY RYALS
PUTY

DEPUTY DIRECTORS:
JAMES L. GUFFEY
Enforcement

STEVEN L. ARTHUR
Administration & Finance

KAREN W. O'NEAL
Regulatory Programs

October 27, 2003

CERTIFIED MAIL – RETURN RECEIPT REQUEST
Article Number 7001 2510 0000 7036 5553

Mr. Mustafa Hassan
310 North Howard Street, Apt. 103
Alexandria, Virginia 22304

RE: FHB File No.: 2003-03171
HUD File No.: 03-03-0235-8
Mustafa Hassan v. Cathy Steward, Foxchase of Alexandria and Pat Foye

Dear Mr. Hassan:

This letter is to inform you that the Fair Housing Board, after reviewing the evidence obtained during the investigation of this complaint, determined that there is "No Reasonable Cause" to believe the respondents committed an unlawful discriminatory housing practice. Accordingly your complaint is dismissed. Enclosed you will find the Board's full written determination which outlines the evidence obtained during the investigation and which the Board relied on in making its determination.

Your complaint has been dismissed in accordance with the Code of Virginia § 36-96.12. Accordingly, you have the right to commence a civil action in an appropriate United States district court or state court not later than two years after the occurrence or the termination of an alleged discrimination housing practice, or the breach of a conciliation agreement entered into under this chapter, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach. An aggrieved person may commence a civil action under 36-96.18. A no later than 180 days after the conclusion of the administrative process with respect to a complaint or charge, or not later than two years after the occurrence or the termination of an alleged discriminatory housing practice, whichever is later. Please be advised that the Real Estate Board will not commence any civil action on your behalf. Please be further advised that you may have other rights not expressed in this letter. Therefore, to fully understand your rights and options and you may want to consult an attorney.

Sincerely,

Lizbeth T. Hayes
Investigative Supervisor

LTH/kst
Enclosure:

EXHIBIT 6

Board for Architects, Professional Engineers, Land Surveyors, Certified Interior Designers, and Landscape Architects, Board for Asbestos, Lead, and Home Inspectors, Auctioneers Board, Board for Barbers and Cosmetology, Board for Branch Pilots, Cemetery Board, Board for Contractors, Board for Geology, Board for Hearing Aid Specialists, Board for Opticians, Polygraph Examiners Advisory Board, Professional Boxing and Wrestling, Real Estate Appraiser Board, Real Estate Board, Board

## VIRGINIA FAIR HOUSING BOARD

MUSTAFA HASSAN )
)
    Complainant, )
)
)
v. )
)
)
CATHY STEWART, FOXCHASE OF ALEXANDRIA )
AND PAT FOYE )
)
    Respondents. )

REB File No.: 2003-03171
HUD File No.: 03-03-0235-8

### CASE SUMMARY

1. The complainant alleged that the respondents discriminated against him in the conditions or terms of a rental because of his religion, Islam. Specifically, the complainant alleged he moved into the unit he currently occupies around 1990. The complainant is Islamic and wears Islamic clothing. For the last two years, since September 11, 2001, the complainant alleged he has not been permitted to ride the bus provided by the facility to get to the local train station. Each time he tries to get on the bus, the complainant alleged he is confronted to show his identification. The last time he tried to board the bus was December 2002. He stated that he attempted to sit down and take out his identification, but was told to get off the bus.

   Mr. Hassan also alleged that he has never had his apartment painted. Further, none of his kitchen cabinets or rugs have ever been replaced. The complainant stated that other tenants who are non-Islamic are getting their apartments painted, rugs replaced, and new kitchen cabinets. Additionally, the complainant has requested a transfer. The complainant alleged the respondents denied his request. He also alleged that other non-Islamic tenants have been transferred when they have requested a transfer. The complainant believes that the denials were based on his religion, Islam.

2. Foxchase denied that they discriminated against Mr. Hassan for any reason. Specifically, the respondents contend that the complainant was asked to no longer ride the bus due to an altercation he had with the bus driver. The respondents also stated that they have cleaned Mr. Hassan's carpets on two occasions as well as painted on one occasion. With regard to the apartment transfer, the respondents stated that they denied his request because transfers are not permitted in the absence of a defect in the apartment or a valid medical necessity.

## RESULTS OF THE INVESTIGATION

3. The investigation shows that the respondents have a legitimate non-discriminatory defense to the complaint as follows:

   a. Respondents stated that the complainant was asked to not use the shuttle bus because of his behavior on the bus, and not because of his religion. The complainant was involved in an altercation with the bus driver because he did not follow the rules of the bus;

   b. Respondents stated transfers among units are not permitted in the absence of a defect in the apartment or a valid medical necessity;

   c. Respondents stated that they have cleaned the complainant's apartment on two occasions and have painted on one occasion.

4. The investigation shows that the respondents' defenses to the complaint are not pre-textual in that:

   a. Respondents provided copies of signs for rules in riding the shuttle bus;

   b. Mr. Crocker, witness for the respondent, was informed by the bus driver of the bus incident and he then informed Ms. Stewart. Mr. Crocker stated that the bus driver informed him that Mr. Hassan would not show his identification before boarding the bus. He also stated that there was some sort of verbal altercation between the bus driver and Mr. Hassan;

 c. Mr. Sinha, witness for the respondent, was informed of the bus incident by Ms. Stewart, respondent;

 d. Respondents sent a letter to the complainant requesting he not ride the bus because of the altercation;

 e. Respondent Cathy Stewart stated that there has been one transfer. The transfer was due to medical necessity and the tenant was of a foreign national origin;

 f. Respondents provided the name of the tenant who transferred and a copy of a letter from that tenant's therapist requesting a transfer due to his medical condition;

 g. Respondents provided copies of work orders for the complainant's carpets being cleaned on 2/2/98 & 9/18/01 and his apartment being painted on 9/13/01.

## CONCLUSION

5. The Virginia Fair Housing Board has jurisdiction over the parties and the subject matter.

6. The evidence obtained during the investigation is insufficient to establish that respondents, Cathy Stewart, Foxchase of Alexandria and Pat Foye, discriminated against the complainant in the terms and conditions of a rental based on his religion.

7. Based on the evidence the Fair Housing Board finds that no reasonable cause exists to believe that the respondents engaged in discriminatory housing practices within the meaning of the Law. The case is therefore dismissed.