United States DISTRICT COURT
FOR The DISTRICT Of Columbia

Mustafa Hassan
Pro Se Plaintiff,
V.
U.S. Depart Of Housing And
Urban Development, ET AL,
Defendant(s).

Civil Action 1060172 EGS

RECEIVED
JUL 1 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ex Parte.

Plaintiff Pro Se MOTION TO Show Cause
Pursuant to Rule 8.(1)(2) Executive order
12674 (U)(5)(6)(8)(9)(U)(U)(3)(4)
See
Why Attorney R. Thomas Payne II and Daniel I.
Prywes Michele Caramenico ESQ and Jane Doe 1,2,3
And John Doe 1,2,3 Why they should Produce All
Evidence that Plaintiff violated 28 U.S.C § 1746
And Show Cause Why they should NOT
Be Fine 5,000.00 For Each day they can NOT
Produce the other Funds The Plaintiff has
2 side his social security Funds.

Comes Now Mustafa Hassan Respectfully

Demands that each attorneys for the Defendants Produce to this court All evidences Which they have in their position that the plaintiff Have other Income that his Social Security check each month. See ~~Statement Exhibit~~ (A)

2. See FABRication of respondants Plaintiff AFFIRE under 28 U.S.C § 1746 That he has No other INcom other Then What has presented to the court. See Ex~~hib~~(B).

2. The Pro Se Plaintiff that This Court Directed All the attorneys involved In this Above caption matter Turn over All Information written or otherwise in their Position to the court so the court can Determined this matter without hasitating If such information can not be presented To thee with Proof the

Plaintiff Respectfully Demands that Each attorney Individually must fine 5,000.00 Each day until they produches proof of their statement to the court and the Plaintiff be reworded $50,000.00 From Each Attorney and their defendants.

3- The Plaintiff Alleges the Following Violations by the attorneys Individually Officialey which Violalated the Rule of Proffessonal Conduct. Pursuant Rule 8.(4)(2) Rule 3.4 and Rule 4.1 Rule 4.3.

4- Misconduct Pursuant Rule 8.4 Truthfulness Before the court Rule Pursuant 4.1(A) DR 7-102(A)(5) Brach of Scope PARA (1)(2)(3)(4)(5)(6). See Rule Pursuant to 3.3(A)(4)

False Evidence Pursuant DR 7-102(A)(4) Rule 3.4(A) DR 7-108(A) Disruptive Violater 3.4(G) DR 7-105(C)(5).

Harrasment Pursuant Rule 3.4(j) DR 7-102(A)(1).

5- Distruptive Conduct toward the court Rule Pursuant 3.5(F) Respect for the Rights of otherSparty Rule 4.4 DR 7-102.(A)(1) DR 7-105(C)(2); DR 7-(d).

6- The Plaintiff Alleges that the Plaintiff are in Violation of the Law State and Fedral Laws by Intimidating the plaintiff And by Violating the Patriot act as Anointed and the 1965 Civil Act As Amended. the Plaintiff is Entitles relief under 1983 As Amended. 42 U.S.C. 1983

7- Plaintiff respectfully Demands That A hearing PRO HAC VICE And, All the attorneys individually send A copy of Proof that the plaintiff has. Other INCOM other than that which was Present to the court Pursant Rule 39. It must be Noted By the court some of those Attoneys are Govermet worker they iN Violate. of Executive order 12674 (1)(5)(6)(8)(11)(13)(14).

8. These attoneys engages in Conspiracy, TO Obstruct Justice See 1 Niche 1983. Demand For a court hearing so plaintiff Can Appear PRO Hac Vice with Legal Pro Bono Assistance in open court.

Mustafa Hassan
Indignent PRO SE
Plaintiff.

## CONCLUSION

Original

The defendants attorneys continue to Help And Conceal A Fraud Facilitating Against the United States Section 8. Program 202, 811, 221D4.

They Can Not "emphasis" Produce to this Court, Names, Addresses, Telephone Numbers of Any Contractor or Contractors who painted the plaintiff Apartment on 9/13/01. And (A) who clean the plaintiff Carpet on 9/18/01 two Years has pass See Exhibit (C) And they are still waiting For Aimco L.L.C. and Foxchase of Alexandria to Produce same still NO Proof. The defendants attorneys are Now engages IN illegal Shannangan, Deception to Circumvented the Evidence Produce to This Court FOR Adjudication. Demand For them Produce Evidence That the plaintiff

Has other Assets other than his Social Security Payments. The Given To this Reciepts, Bank account Location Banks Payroll stups date The plaintiff were Paid and By whom These must be Presented To the court within 30 days. And The Plaintiff must given opportunty to Question them PRO HAC Vice.

Mustafa Hassan
Pro Se

AFFidavit

I Musta S. Hassan Affired and stated under 28 U.S.C § 1746 That have other Assets Other Than my Social Serenity Check, As attached. And That The Defendants attorny who are U.S. Employees Violated Excative order 12674 (1)(5)(6)(8)(9)(11)(13)(14) For the Respondants Fasrication, Falsehood They must be cited.

Mustafa Hassan

## Certification

I certify that on 7/17/2006 I mail a true copy to the respondents thru the United States Postal Service to the following.

Beverley M. Russell
Assistant United States Attorney
District of Columbia Civil Division
555 4th Street Rm E4915
Washington DC. 20530

And,

Daniel Prywes ESQ
700 13th NW Washington DC. 20005

And,

Michelle Menereio ESQ.
100 Penn Sq. South
Wanamaker Building
Philadelphia PA. 17107

And,

R. Thomas Payne II
Assistant Attorney General
900 East Main Street
Richmond VA 23219.

Exhibit (A)

### D. Because his allegation of poverty is untrue, Plaintiff's claim should be dismissed.

On January 19, 2006, Plaintiff signed and filed an application to proceed in forma pauperis (IFP). See Exhibit K. In doing so, Plaintiff answered "no" to the following questions:

In the past twelve months have you received any money from any of the following sources?
  a. Business, profession or other self-employment
  b. Rent payments, interest or dividends
  c. Pensions, annuities or life insurance payments
  d. Disability or workers compensation payments
  e. Gifts or inheritances
  f. Any other sources

Plaintiff signed the IFP petition under penalty of perjury that the information provided was true and correct. Id. at page 2. Based on his petition, the court granted Plaintiff IFP status thus allowing him to file the instant case without paying any fees. Id.

Plaintiff's representations concerning his income were untrue. In the instant case, Plaintiff provided his 2005 Social Security Benefit Statement. See Exhibit L. According to the statement, Plaintiff received $12, 338.40 in benefits in the year 2005. Id. Given this income, Plaintiff's answer to 3(f) was untrue.

The IFP statute, 28 U.S.C. § 1915, is designed to ensure that indigent persons have access to the federal judicial system. Coppedge v. United States, 369 U.S. 438, 446 (1962). To this end, the statute allows an indigent person to commence an action in federal court by filing "in good faith" an affidavit stating that he is unable to pay the costs of the lawsuit. Neitzke v. Williams, 490 U.S. 319, 320 (1989). The statute also contains provisions to prevent abuse. As explained by the Supreme Court:

> Congress recognized . . . that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

12

Exhibit (B)

# UNITED STATES TREASURY

000

Check No. 

01 03 06  73  PHILADELPHIA, PA           2051 89090747
2051 89090747 28045200 S1    1    P

Pay to the order of
MOSTAFA S HASSAN         47        SOC SEC
PO BOX 6861                         FOR DEC
ALEXANDRIA VA  22306-0861                    $****982*00



REGIONAL DISBURSING OFFICER    VOID AFTER ONE YEAR

⑈20515⑈   ⑆000000518⑆ 89090747⑉ 070106

**Subject:** Hassan Status Update

Mr. Day,

I have addressed the 10 issues that were presented concerning the Mustafa Hassan case. The FIR has been amended to ref, as such. I am currently waiting for a response from the respondents regarding who completed the carpet cleanings for Mr. Hassan on 9/18/01 and the painting on 9/13/01. Thanks.

Antonio Bedford

Fair Housing Investigator

Exhibit (C)

Original ORDER

Upon reviewing The Pro Se Plaintiff Motion FOR the respondants to Show Cause..

Why they should NOT Produce All evidence that the "Indigent Pro Se conceal other Assets which was NOT Presented The court It is ON This _____ of 2006 Find That The Plaintiff has NO other Assets And That respondants must Produce To This court other assets of The Plaintiff. Plaintiff Motion to Show Cause Is Granted

SO SAID
Granted

United States District Court Judge
Mustafa Hassan