Court copy    Exhibit (a) 4 pes



**U.S. Department of Housing and Urban Development**
Richmond Office, Fair Housing and Equal Opportunity
600 East Broad Street, 3rd Floor
Richmond, Virginia 23219-1800
Telephone: (800) 842-2610

January 7, 2004

Mr. John Cancelleri
Virginia Real Estate Board
3600 W. Broad Street
Richmond, VA 23230

Subject: Mustafa Hassan v. Cathy Steward, Foxchase of Alexandria and Pat Foye
HUD Case No. 03-03-0235-8, FHB FILE No. 2003-03171

Dear Mr. Cancelleri:

In accordance with our Cooperative Agreement and the Department's authority, we are returning the above-cited case for the Virginia Fair Housing Board's further investigation.

We have carefully reviewed the subject investigative file and TEAPOTS records and have the following concerns about this investigation and the manner in which it was reported.

A. General Observations:

This complaint involves an allegation of discrimination based upon religion. The investigator in a complaint based upon religious discrimination must focus upon, ask questions about and report on the religious persuasions of the parties involved. The FIR is virtually bereft of any mention of religion. What are the religious affinities of Ms. Stewart and Mr. Sinha? The investigator must ask this question. If they decline to reveal their religious affiliations, the investigator must record that the question was asked and the parties decline to discuss it. The investigator should ask Mr. Sinha and Ms. Stewart whether they acknowledge having had knowledge of Mr. Hassan's religion. If so, how did the topic surface? Mr. Hassan says that Ms. Stewart asked him to provide her with books about Islam. Does Ms. Stewart recall this incident?

We also have a concern that Mr. Hassan may be asserting religious discrimination as a stand-in for National Origin discrimination. Is Mr. Hassan aware of the availability of National Origin as a basis? If he was not previously aware of this basis, does he wish to amend his complaint now?

B. The presentation of investigative evidence in the FIR

In the "Case Summary Portion of the FIR, under a heading dated 6/25/03, the investigator notes that Mr. Hassan presented him with the following items:

- *a copy of the complainant's police record dated 6/24/03*
- *Pictures of rat traps in the complainant's apartment*
- *Copy of letter dated 12/17/02*
- *Copy f letter dated 6/12/02*
- *Copy of letter dated 8/2/02*
- *Copy of the Letter dated 5/21/03*
- *Copy of Letter from the respondents dated 6/03/03*
- *Copy of police report dated 10/16/02*

These letters and police reports surely contain evidence relevant to a finding in this case, and yet there is no description of the content of these documents. The content of each document provided, as evidence should be described in the FIR in as much detail as is warranted by the quality of evidence contained therein. If the police report, for example, proves that Mr. Hassan was abusive and violent toward Foxchase staff on two occasions, this is highly relevant to evaluating the validity of the Respondent's defense that Mr. Hassan was barred from the bus because his behavior was intolerable. It may be best to include the full text of such an important (and probably brief) document. Mr. Hassan alleges that his maintenance requests are being ignored. Are the letters he presented requests for maintenance? We cannot know what these documents prove about the issues of this complaint based upon the final investigative report.

Remember that HUD regulations at subsection 103.230 (a) describe the required content of a final investigative report. This required content includes "A summary description of other pertinent records." A simple listing of the records obtained (as shown above) does not satisfy this standard.

Finally, the FIR notes that a "late-stage contact" with Mr. Hassan occurred but there is NO information whatsoever in the FIR about this interview. Mr. Hassan should have been given the opportunity to refute the defenses raised by the respondents and he should have been asked to clarify any matters that remained unclear at the conclusion of the investigation. Then, very importantly, the interview should have been reported upon in the FIR.

## C. Re: the issue of being denied a requested transfer

Mr. Hassan complains that he was denied an opportunity to transfer to a second floor apartment and alleges that this was because of his religion. The only individual Foxchase acknowledges transferring was a Mr. Hamidi. "Hamidi" is traditionally an Islamic surname. If Mr. Hamidi is, in fact, Islamic, and the only Foxchase resident allowed to transfer, this fact would rightly and legitimately refute the allegation of denial of transfer based on religion. Mr. Hamidi should be interviewed. A telephone interview should suffice.

8. Obtain dates of completion, name, address and telephone nu
firms that cleaned Mr. Hassan's carpet on February 2, 1998
Conduct interviews to confirm that the work was performed

9. Obtain dates of request for service on stove, date of work or
Obtain status of stove after service was turned on.

10. Ascertain whether the police are investigating Mr. Hassan's
his vehicles. Ascertain location of vehicle, i.e., City Street
space.

We request the above additional information be obtained and in
calendar days. If necessary, a reconsideration of the new facts and evi
resubmitted to the Virginia Fair Housing Board for adjudication. Plea
this investigation has been reopened for further investigation.

If you have any questions or need further assistance, please do
Government Technical Monitor, Ms. Ann H. Taylor, Equal Opportun
may reach both of us at (804) 771-2100, Extensions 3787 (Day) and 3
(804) 771-2038.

Sincerely,

R. Thomas Day, Sr.
Program Manager,
Government Technical I

cc:  Wanda S. Nieves
Enclosure – FHB File No. 2003-03171; HUD Case File No. 03-03-02

Exhibit (E)

"Liz Hayes"
<Liz.Hayes@dpor.virg
inla.gov>

02/06/2004 01:48 PM

To:    "John Cancelleri" <John.Cancelleri@dpor.virginia.gov>,    <r.thomas_day@hud.gov>,

cc:    <ann_taylor@hud.gov>

Subject:    RE: Mustafa Hassan

We are not reinvestigating or continuing the investigation of this complaint.  We are only obtaining the additional information
needed for you to complete your review of the file.  This case was closed by the Fair Housing Board in October 2003 and as you
are aware they have no appeal process and we do not re-open cases that the Board has closed "no reasonable cause".  For your
information, Hassan was evicted for non-payment of rent after the case was closed by the Board.  During the course of the
investigation Hassan was current with his rent; therefore, this was not an issue for investigation at that time.  The case will be
returned to your office by the end of next week.  Let me know if you have additional questions.

‑z

FootNote:
See Article 3, 18VAC 135-50-430?
Corporation with federal Agency?
Breached of Article 4 And 18VAC 135-50-520.

Exhibit (F)



**U.S. Department of Justice**

Criminal Division

---

*Washington, DC 20530-0001*

May 26, 2006

Mr. Mustapha Syeed Hasan
8245 Russell Road
P.O. Box 6861
Alexandria, VA 22306

Dear Mr. Hasan:

      Thank you for your letter to the Assistant Attorney General.  To ensure that your concerns are addressed, your letter is being forwarded to the Department of Housing for review and any appropriate action.  Please understand that it may take some time to look thoroughly into the issues you have raised.  Any questions regarding the status of your letter should be directed to:

> Department of Housing and Urban Development
> Office of the Inspector General
> 451 7th Street, SW, Room 8256
> Washington, DC  20410-4500

We thank you for writing to the Assistant Attorney General.

                          Sincerely,

                          Correspondence Management Staff
                          Office of Administration

/



Exhibit (H)

**U.S. Department of Justice**

Office of the Inspector General

_____

*Washington, D.C. 20530*

October 29, 2004

Mustafa H. Said
8245 Russell Road, #202
Alexandria, VA  22309

Dear Mr. Said:

The purpose of this letter is to acknowledge receipt of your recent correspondence. The matters that you raised are more appropriate for review by another office or Agency. Therefore, your complaint has been forwarded to:

> Department of Housing & Urban Development
> Office of the Inspector General
> 451 7th Street, SW
> Washington, DC  20410-9000

Any further correspondence regarding this matter should be directed to that office.

I hope this answers any questions you have relative to this matter.

Sincerely,

Roger M. Williams
Special Agent in Charge
  of Operations
Investigations Division



**U.S. Department of Justice**

Office of the Inspector General

*Washington, D.C. 20530*

October 29, 2004

Mustafa H. Said
8245 Russell Road, #202
Alexandria, VA  22309

Dear Mr. Said:

The purpose of this letter is to acknowledge receipt of your recent correspondence.  The matters that you raised are more appropriate for review by another office or Agency. Therefore, your complaint has been forwarded to:

> Department of Housing & Urban Development
> Office of the Inspector General
> 451 7th Street, SW
> Washington, DC  20410-9000

Any further correspondence regarding this matter should be directed to that office.

I hope this answers any questions you have relative to this matter.

Sincerely,

Roger M. Williams
Special Agent in Charge
 of Operations
Investigations Division

Exhibit (I)



**OFFICE OF INSPECTOR GENERAL**
**U.S. Department of Housing and Urban Development**
**WASHINGTON, D.C. 20410-4500**

AUG 2 6 2004

Mr. Mustafa Hassan
8245 Russell Road, Apt. 202
Alexandria, VA  22309

Dear Mr. Hassan:

This concerns the information that you provided to the Office of Inspector General for the Department of Housing and Urban Development (HUD).

We have determined that your issues do not come under the jurisdiction of the Office of Inspector General.  HUD's Office of Fair Housing and Opportunity (FHEO) is responsible for addressing those issues.  We referred your information for review to FHEO's Office of the Deputy Assistant Secretary for Operations and Management in Washington, DC, at telephone number 202-708-0768, ext. 4275.

Sincerely,

Robert L. Ashworth
Hotline Manager

EXhil(M)

## DECLARATION OF ROBERT WALKER

I, Robert Walker, under penalty of perjury declare the following:

1. I am the former Acting Director of Director of the Office of Field Oversight (OFO) in the Division of Fair Housing and Equal Opportunity. I held this position from February 21, 2004 to Mid August, 2004. The OFO is responsible for investigating allegations of misconduct on the part of HUD staff to ensure compliance with HUD's personnel standards of employee conduct.

2. I was forwarded a copy of the Amended Complaint filed by Mustafa Hassan in which I am named as a defendant. The Amended Complaint was forwarded to me by staff assistant while I was at my place of business. It appears that Pinky Elliott, a clerk in HUD's Office of General Counsel, signed for the Amended Complaint on March 20, 2006. The copy of the Amended Complaint that I received at my place of business is the only copy that I have received. Specifically, I did not receive a copy of the Amended Complaint at my home or by personal service.

3. Upon reading the Amended Complaint, I had no recollection of Mr. Hassan. I have since learned that Mr. Hassan had filed fair housing complaints with the Department. Both fair housing complaints were investigated. It was determined that Mr. Hassan had not been discriminated against by his landlord on the bases of religion, nation origin, or in retaliation for filing fair housing complaints.

4. After his fair housing complaints were closed, Mr. Hassan then requested a review of the conduct of the Department's fair housing investigators and supervisors. An internal investigation was conducted and, after our office was satisfied that there was no wrongdoing on the part of any HUD staff member, Mr. Hassan was sent a letter detailing the findings of the OFO.

5. I believe that I have been named in the present suit because my name was provided to Mr. Hassan in a letter dated March 21, 2005 wherein it is noted that his allegations of HUD staff misconduct were going to be investigated by my former office.

6. I was not involved in any investigative process of Mr. Hassan's complaint.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct. Executed on the 28th of June, 2006.

Robert Walker

Attention Call to Leller
To Mr. Walker FRom
Turner Russell Date 4/21/205 ?

EXHIBIT
A



Exhibit (2)



**OFFICE OF INSPECTOR GENERAL**
**U.S. Department of Housing and Urban Development**
**WASHINGTON, D.C. 20410-4500**

AUG 2 6 2004

Mr. Mustafa Hassan
8245 Russell Road, Apt. 202
Alexandria, VA  22309

Dear Mr. Hassan:

This concerns the information that you provided to the Office of Inspector General for the Department of Housing and Urban Development (HUD).

We have determined that your issues do not come under the jurisdiction of the Office of Inspector General.  HUD's Office of Fair Housing and Opportunity (FHEO) is responsible for addressing those issues.  We referred your information for review to FHEO's Office of the Deputy Assistant Secretary for Operations and Management in Washington, DC, at telephone number 202-708-0768, ext. 4275.

Sincerely,

Robert L. Ashworth
Hotline Manager



**U.S. Department of Justice**

Criminal Division

*Washington, DC 20530-0001*

May 26, 2006

Mr. Mustapha Syeed Hasan
8245 Russell Road
P.O. Box 6861
Alexandria, VA 22306

Dear Mr. Hasan:

Thank you for your letter to the Assistant Attorney General. To ensure that your concerns are addressed, your letter is being forwarded to the Department of Housing for review and any appropriate action. Please understand that it may take some time to look thoroughly into the issues you have raised. Any questions regarding the status of your letter should be directed to:

Department of Housing and Urban Development
Office of the Inspector General
451 7th Street, SW, Room 8256
Washington, DC  20410-4500

We thank you for writing to the Assistant Attorney General.

Sincerely,

Correspondence Management Staff
Office of Administration

(b)



# COMMONWEALTH of VIRGINIA
## DEPARTMENT OF PROFESSIONAL AND OCCUPATIONAL REGULATION
3600 West Broad Street, Richmond, Virginia 23230-4917
Telephone: (804) 367-8500   TDD: (804) 367-9753
http://www.state.va.us/dpor

LOUISE FONTAINE WARE
DIRECTOR

SANDRA WHITLEY RYALS
CHIEF DEPUTY

DEPUTY DIRECTORS:
JAMES L. GUFFEY
Enforcement

STEVEN L. ARTHUR
Administration & Finance

KAREN W. O'NEAL
Regulatory Programs

April 13, 2004
(Resent to correct address on 4/20)

Mr. Mustafa Hassan
8245 Russell Road, Apt. 202
Alexandria, Virginia  22309

Dear Mr. Hassan:

I am writing to acknowledge your letter and complaint dated April 4, 2004.  Please be advised that the U.S. Department of Housing and Urban Development (HUD) has agreed to reactivate your newest complaint.  Consequently, HUD, not Virginia's Fair Housing Office, will be investigating your complaint.  Therefore, please direct additional questions you have about your complaint to the following address:

U.S Department of Housing
and Urban Development
10 S. Howard Street
Baltimore, MD 21201-2505

Best regards,

Louise Fontaine Ware /jas

Louise Fontaine Ware
Director

LFW/jas

C:     John Cancelleri
       Fair Housing Director

Board for Architects, Professional Engineers, Land Surveyors, Certified Interior Designers, and Landscape Architects. Board for Asbestos, Lead and ...

Exhibit (P)

# COMMONWEALTH of VIRGINIA
## DEPARTMENT OF PROFESSIONAL AND OCCUPATIONAL REGULATION
3600 West Broad Street, Richmond, Virginia 23230-4917
Telephone: (804) 367-8500   TDD: (804) 367-9753
http://www.state.va.us/dpor

LOUISE FONTAINE WARE
DIRECTOR
SANDRA WHITLEY RYALS
CHIEF DEPUTY

DEPUTY DIRECTORS:
JAMES L. GUFFEY
Enforcement

STEVEN L. ARTHUR
Administration & Finance

KAREN W. O'NEAL
Regulatory Programs

April 13, 2004
(Resent to correct address on 4/20)

Mr. Mustafa Hassan
8245 Russell Road, Apt. 202
Alexandria, Virginia 22309

Dear Mr. Hassan:

I am writing to acknowledge your letter and complaint dated April 4, 2004. Please be advised that the U.S. Department of Housing and Urban Development (HUD) has agreed to reactivate your newest complaint. Consequently, HUD, not Virginia's Fair Housing Office, will be investigating your complaint. Therefore, please direct additional questions you have about your complaint to the following address:

U.S Department of Housing
and Urban Development
10 S. Howard Street
Baltimore, MD 21201-2505

Best regards,

Louise Fontaine Ware / jas

Louise Fontaine Ware
Director

LFW/jas

C:     John Cancelleri
       Fair Housing Director

Board for Architects, Professional Engineers, Land Surveyors, Certified Interior Designers, and Landscape Architects, Board for Asbestos, Lead, and Home Inspectors, Auctioneers Board, Board for Barbers and Cosmetology, Board for Branch Pilots, Cemetery Board, Board for Contractors, Board for Geology, Board for Hearing Aid Specialists, Board for Opticians, Polygraph Examiners Advisory Board, Professional Boxing and Wrestling, Real Estate Appraiser Board, Real Estate Board, Board for Professional Soil Scientists and Wetland Professionals, Board for Waste Management Facility Operators, Board for Waterworks and Wastewater Works Operators

Exhibit (Q)





**U. S. Department of Housing & Urban Development**

Richmond Office
600 E. Broad Street, 3rd Floor
Richmond, VA 23219
1-800-842-2610

FEB 27 2004

Mr. Mustafa Sa'id Hassan
8245 Russell Road #202
Alexandria, VA 22309

Dear Mr. Hassan:

This letter is in response to your Freedom of Information Act (FOIA) request dated February 18, 2004. In that request, you asked for:

1) a copy of the letter sent by the Department of Housing and Urban Development to the Virginia Fair Housing Board regarding a re-hearing in the matter of HUD Case File #03-03-0235-8 (FHB File #2003-03171), and

2) a copy of the request, signed by you, for an amended complaint against AIMCO, Inc. in this same matter.

When responding to a FOIA request, HUD searches for responsive documents existing up to the date the request was received in the proper office. Your request was received by the FOIA Liaison in the Richmond Office on 02/25/04 . The enclosed documents are provided to you, with no exemptions, in response to your request. Your request is granted at no charge (please see enclosed invoice). Anne Davis is the official responsible for this determination.

For your information, your FOIA request, including your identity and the information made available, is releasable to the public under subsequent FOIA requests. In responding to these requests, the Department does not release personal privacy information such as home address, telephone number, or social security number, all of which are protected from disclosure under FOIA Exemption 6 (24 CFR 15.3(6)).

Thank you for your interest in the Department's programs and policies.

Sincerely,

Anne Davis
FOIA Liaison

Enclosure

  



**U.S. Department of Housing and Urban Development**
**Office of Investigation**
**Wanamaker Building, Suite 1005**
**100 Penn Square East**
**Philadelphia, PA 19107-3380**
**Phone: 215-656-3412**

August 25, 2004

Mr. Mustafa Hassan
8245 Russell Road, #202
Alexandria, VA 22309

Dear Mr. Hassan:

This is in furtherance of our recent telephonic discussio
and your letter of July 21, 2004, requesting that we conduct a
investigation into alleged malfeasance involving federal and stat
housing employees.

It is respectfully requested that you provide additiona
pertinent information in order for us to determine the appropriat
course(s) of action in this matter.

Thank you for your cooperation.

Sincerely,

Robert J. Brickley
Special Agent in Charge



EXHIBIT S    EX(4)

Commonwealth of Virginia
**OFFICE OF SHERIFF**
City of Alexandria



# NOTICE OF EVICTION

01·16·2004
Date of Service

NAME _SAID   MASTAFA  HASSAN_

ADDRESS _310   N.   HOWARD  ST # 103_

_ALEXANDRIA  UA_

Pursuant to a Writ of Possession issued by the Alexandria General District Court, Docket Number _03-7614_, you are advised to vacate the above mentioned premises by _1000_ A .m., on _TUESDAY_ _JANUARY 20 , 2004_, or it will be necessary to evict you. Failure on your part to remove your personal property prior to that time will cause your property to be placed on the public way.

The Alexandria Department of Human Services, 838-0700, or the Landlord/Tenant Relations Office, 838-4545, may be able to assist you regarding services or financial help.

NOTE:   It is unlawful to obstruct or impede any law enforcment officer from enforcing this Order (Code of Virginia, Section 18.2-460).

James H. Dunning
Sheriff

By _____

Deputy Sheriff
Alexandria Courthouse
520 King Street, Suite 308
Alexandria, Virginia 22314
Phone 838-4120

Copy Distribution:
White to Defendant,
Yellow to Plaintiff,
**Pink to Court,**
**Gold to Landlord-Tenant**

N-SHR-0015 (Rev. 7/87)

 

**U. S. Department of Housing & Urban Development**

Richmond Office
600 E. Broad Street, 3rd Floor
Richmond, VA 23219
1-800-842-2610

February 21, 2006

Mr. Mustafa Hassan
PO Box 6861
Alexandria, VA 22306

Dear Mr. Hassan:

This is the response to your Freedom of Information Act request dated January 23, 2006. You have asked for the following:

1. The signed copy of the contract between Foxchase of Alexandria et.al.and HUD programs Section 8, 202, 811, and 221(d)(4)

2. The agreement on notification before eviction can be carried out (e.g. the amount of notice, days of notification before a Section 8 senior can be evicted.)

Please be advised that HUD does not have copies of eviction agreements, and are therefore unable to comply with that part of your request. Enclosed are copies of the available documents responsive to the balance of the information you requested; with exemptions for specific apartment building numbers under FOIA Exemption 6, (which exempts personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy). These documents are released at no charge to you, since the cost to process falls below the minimum threshold. (Please see enclosed zero balance invoice.)

You may request an administrative review of this partial denial by filing a written request for review within thirty (30) days after issuance of this letter. Such filing may be accomplished by writing to the Assistant Counsel for the Mid-Atlantic; Department of Housing and Urban Development; The Wanamaker Building; 100 Penn Square East; Philadelphia, PA 19107-3390 and including:

i. a copy of your letter of request
ii. a copy of this letter and
iii. a statement of the circumstances, reasons or arguments in support of your original request for disclosure of the records requested.

In order to enable the Department to comply with the time limitations set forth in 24 CFR§ 15.112, the envelope containing the request for review and the letter itself should both be plainly marked that the subject is a FOIA request Appeal. Upon timely receipt, review will be made promptly by the General Counsel on the basis of the written record described in 24 CFR§ 15.111. The decision after review will be in writing and will constitute final action by the Department on this request.

Exhibit (Q)

**U. S. Department of Housing & Urban Development**

FEB 27 2004

Richmond Office
600 E. Broad Street, 3rd Floor
Richmond, VA 23219
1-800-842-2610

Mr. Mustafa Sa'id Hassan
8245 Russell Road #202
Alexandria, VA 22309

Dear Mr. Hassan:

This letter is in response to your Freedom of Information Act (FOIA) request dated February 18, 2004. In that request, you asked for:

1) a copy of the letter sent by the Department of Housing and Urban Development to the Virginia Fair Housing Board regarding a re-hearing in the matter of HUD Case File #03-03-0235-8 (FHB File #2003-03171), and

2) a copy of the request, signed by you, for an amended complaint against AIMCO, Inc. in this same matter.

When responding to a FOIA request, HUD searches for responsive documents existing up to the date the request was received in the proper office. Your request was received by the FOIA Liaison in the Richmond Office on 02/25/04 . The enclosed documents are provided to you, with no exemptions, in response to your request. Your request is granted at no charge (please see enclosed invoice). Anne Davis is the official responsible for this determination.

For your information, your FOIA request, including your identity and the information made available, is releasable to the public under subsequent FOIA requests. In responding to these requests, the Department does not release personal privacy information such as home address, telephone number, or social security number, all of which are protected from disclosure under FOIA Exemption 6 (24 CFR 15.3(6)).

Thank you for your interest in the Department's programs and policies.

Sincerely,

Anne Davis
FOIA Liaison

Enclosure

Ex h:ii(4)

# Commonwealth of Virginia

JUDGES
E. ROBERT GIAMMITTORIO
BECKY J. MOORE

## Alexandria General District Court

CLERK OF COURT
MARY G. GLASS

*EIGHTEENTH JUDICIAL DISTRICT*
*Courthouse*
*520 King Street*
*Alexandria, Virginia*

CHIEF DEPUTY CLERK
MARGARET N. FRENCH

### CONTESTED CIVIL CASES

Your case has been set for trial on _NOV 21, 2003_ at 11:00 a.m.

You must file by _OCT 24, 2003_ :

❏    a **Bill of Particulars** stating in some detail why you believe that Defendant owes you the amount being sued for.

☒    an **Answer and Grounds of Defense** stating in some detail the reasons why you believe you do not owe the amount being sue for.

Sign the above-listed document before a Notary Public, file the original with the Clerk's Office of this Court, and provide a copy to each opposing party's attorney (if none, then to each opposing party). Failure to timely file your Answer and Grounds of Defense can result in a judgment being taken against you. Failure to timely file your Bill of Particulars can result in your case being dismissed.

Virginia Code Section 16.1-88.03 states that a corporation must be represented by an attorney in order to file a bill of particulars or a grounds of defense, argue motions, issue subpoenas, examine witnesses, or present legal arguments.

Legal assistance may be available through the Alexandria Lawyer Referral Service (703) 548-1105.

P. O. Box 20206, Alexandria, Virginia 22320

Phone: 703/838-4021

F-GDC-0028(4/01)

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
WASHINGTON, DC 20410-2000

OFFICE OF FAIR HOUSING
AND EQUAL OPPORTUNITY

( EX 12 )

JUN - 2 2005

Mr. Mustafa Hassan
6861 Post Office Box
Alexandria, VA 22306

Dear Mr. Hassan:

Thank you for your letter of April 7, 2005, regarding the Department of Housing and Urban Development's Fair Housing and Equal Opportunity staff in the Philadelphia, Baltimore, and Richmond HUD Offices. This letter will also acknowledge receipt of your April 4, 2005 letter to Robert Walker, former Acting Director of the Office of Field Oversight.

In your letters, you request an "internal" investigation because you allege that several HUD staff violated and manipulated the law to protect staff in the Virginia Real Estate Board (VREB), a HUD partner partially funded with HUD financial assistance under the Fair Housing Assistance Program (FHAP). You also allege that HUD staff are in collusion with VREB staff because they collaborated in violating the law by making an illegal and wrongful determination in your housing discrimination complaint, HUD Case Number 03-03-0235-8 (Hassan, Mustafa v. Steward, Cathy and Foxchase of Alexandria, VA.). You request that a formal investigation be undertaken and that disciplinary action be taken against HUD staff.

Your letters were received in the Headquarters FHEO Office of Field Oversight (OFO) for review and appropriate handling. The OFO is responsible for investigating allegations of misconduct on the part of HUD Field Office staff relative to the implementation and administration of HUD's programs and activities to ensure compliance with HUD's personnel standards of employee conduct.

The OFO has looked into the above referenced allegations and conducted a thorough review of the record. Based upon this review, no evidence of misconduct on the part of HUD staff in the FHEO Philadelphia Regional Office, the FHEO Baltimore and FHEO Richmond Offices was revealed. The review also revealed that your housing discrimination complaint was handled in accordance with Department rules, regulations and policy including Fair Housing Assistance Program (FHAP) rules, regulations and policy.

Your request for a written statement is not proper at this time. We do not provide sworn written statements either refuting or denying allegations of misconduct signed or sworn to under oath. We would, however, prepare declaration statements if our HUD attorney requests them because of a court order.

HUD's FHEO OFO has no authority over HUD personnel other than those under the purview of the Assistant Secretary for FHEO. If you believe that you have been mistreated in regard to your professional dealings with Mr. John Cancelleri, former Fair Housing Administrator of the VREB, and would like to file a non-enforcement customer-related complaint for unprofessional conduct or other impropriety against the agency, please contact Mr. Cancelleri's supervisor in Richmond, VA by writing:

>Louise F. Ware, Director
>Department of Professional & Occupational Regulations
>Virginia Real Estate Board
>3600 West Broad Street
>Richmond, VA  23230-4917

Enclosed is a copy of a letter from Mr. Turner Russell, Director Enforcement Support Division Office of Enforcement dated March 21, 2005, in response to your request for reconsideration of the Determination of No Reasonable Cause. Based upon a review of the case record the Determination of No Reasonable Cause is affirmed.

I hope the information provided is helpful.

Sincerely,

Linda J. Thompson, Director
Office of Field Oversight

Enclosure



U.S. Department of Housing and Urban
Development

Pennsylvania State Office
The Wanamaker Building
100 Penn Square East
Philadelphia, PA  19107-3380



SEP 0 9 2004

Mr. Mustafa Hassan
3245 Russell Road #202
Alexandria VA 22309

Dear Mr. Hassan:

Thank you for writing to me with letters dated August 2 and August 25, 2004.  This correspondence serves to clarify your issues.  In the first letter you write that you "demand the names of [the] HUD official or officials who circumvented Mr. Thomas Day's letter of January 7th, 2004."  In your letter of August 25, 2004, you ask me to identify the laws and statutes my office "has violated in protecting Amico."

In answer to your first letter:  No one circumvented R. Thomas Day.  Mr. Day requested that the State of Virginia conduct additional investigation into the issues of your complaint.  The letter written by Mr. Day was not mailed to AMICO or to any of the other parties in the complaint.  The complaint was not specifically re-opened, although the state did conduct additional investigation as requested and collected most of the additional information requested by Mr. Day.  They fully explained all instances in which this information was not available to the Commission.  On February 25, 2004 an Equal Opportunity Specialist in the Richmond Office completed a thorough analysis of the additional investigation/information submitted by the State.  The additional investigation was judged to have been sufficient and HUD accepted the State's Title VIII/Fair Housing Act investigation as completed.

Also in February my office decided to conduct its own investigation into the issues raised by your complaint.  This was possible because Foxchase receives federal funds and we were able to take an independent look at the issues/allegations under Title VI of the Civil Rights Act.  My office wanted to be absolutely certain that Foxchase was operating in a fashion that respected the rights of all tenants regardless of national origin, color or race, which are the bases covered under Title VI of the Civil Rights Act.  We also wanted to be absolutely certain that your rights had not been violated.  This complaint investigation, as you know, is on-going.  The investigator met and interview you on July 29, 2004.

With regard to your second letter, I cannot identify any laws or statutes, which have been violated with regard to your case because the Department has operated according to the law, in this matter, in every respect.  As has been explained to you, the Fair Housing Act requires the Department to forward for investigation all complaints of housing discrimination occurring within the jurisdiction of states and municipalities having substantially equivalent laws.  Once this has occurred, the Department does not have the authority to reverse the decision of the State or local agency.  I am including a copy of the Fair Housing Act with the relevant portions highlighted for

ou. However, as previously advised you have the right to appeal the State's of Virginia decision under the appeal process they gave to you in their final determination.

Finally, I believe it would be clear to any objective observer my office has shown great regard for your civil rights and has acted responsibly to safeguard them. Despite these efforts, you continue to telephone various members of my staff and level accusations of bias, fraud, *and criminal activities*, among other things. Let me assure you, that there is no basis whatsoever for these allegations. Please be advised that if you continue to call my staff members and groundlessly accuse them of wrongdoing, I will be forced to advise them that they no longer need to accept your calls. I hope this is not necessary.

Sincerely,

Office of Fair Housing and Equal
    Opportunity
Region III

# COMMONWEALTH of VIRGINIA

## DEPARTMENT OF PROFESSIONAL AND OCCUPATIONAL REGULATION

3600 West Broad Street, Richmond, Virginia 23230-4917
Telephone: (804) 367-8500   TDD: (804) 367-9753
http://www.state.va.us/dpor

LOUISE FONTAINE WARE
DIRECTOR

SANDRA WHITLEY RYALS
CHIEF DEPUTY

October 19, 2004

DEPUTY DIRECTORS:
NICK A. CHRISTNER
Compliance & Investigations

STEVEN L. ARTHUR
Administration & Finance

KAREN W. O'NEAL
Regulatory Programs

Mr. Mustafa Hassan
8425 Russell Road, Apt. 202
Alexandria, Virginia  22309

Dear Mr. Hassan:

I am writing to acknowledge your letter dated October 3, 2004, regarding your complaint that you filed in 2003 against Fox Chase Apartments.  Please be advised that last year the Fair Housing Board closed that complaint, file number 2003-03171.  Since only the Fair Housing Board has the authority to close cases, there is nothing that I can do to disturb the Board's decision.

I understand that you are concerned and thus have written to this agency several times about your complaint against Fox Chase Apartments.  After reviewing the evidence obtained during the investigation of your complaint, the Fair Housing Board closed your complaint on October 15, 2003, as no cause.  Additional communications have been sent in response to your letters about your complaint about Fox Chase.  Please note that we are unable to change the Board's decision on the complaint that has been closed.

If you have questions about the most current complaint that you filed, please direct those to the U.S. Department of Housing and Urban Development (HUD).  As you know, HUD agreed to reactivate your newest complaint.  Consequently, HUD, and not Virginia's Fair Housing Office, is investigating that complaint.  Please direct additional questions you have about that complaint to the following address: U.S Department of Housing and Urban Development, 10 S. Howard Street, Baltimore, MD 21201-2505

Sincerely,

Sandra Whitley Ryals
Chief Deputy Director

SWR/jas

C:    John Cancelleri
      Fair Housing Director

Board for Architects, Professional Engineers, Land Surveyors, Certified Interior Designers, and Landscape Architects, Board for Asbestos, Lead, and Home Inspectors, Auctioneers Board, Board for Barbers and Cosmetology, Board for Branch Pilots, Cemetery Board, Board for Contractors, Board for Geology, Board for Hearing Aid Specialists, Board for Opticians, Polygraph Examiners Advisory Board, Professional Boxing and Wrestling, Real Estate Appraiser Board, Real Estate Board, Board for Professional Soil Scientists and Wetland Professionals, Board for Waste Management Facility Operators, Board for Waterworks and Wastewater Works Operators



U. S. Department of Housing and Urban Development
Pennsylvania State Office
The Wanamaker Building
100 Penn Square East
Philadelphia, Pennsylvania  19107-3380

**MAY 1 5 2003**

Mustafa Hassan
310 North Howard Street
Apt. 103
Alexandria, VA 22304

Dear Complainant:

Subject:   Housing Discrimination Complaint
           Hassan, Mustafa v. Steward, Cathy
           HUD Case No.03-03-0235-8

     The subject housing discrimination complaint was filed on 05/14/03 pursuant to
the Fair Housing Act (the Act), 42 U.S.C. 3600-3620 and has been accepted for
processing.  Enclosed is a copy of the complaint.  Please retain it for your records.
All correspondence and information requests about this complaint must reference the
complaint number.

     While this complaint is pending, you will have the opportunity to resolve it
through conciliation or settlement.

     In addition to the administrative complaint process, the complainant may,
pursuant to Section 813 of the Act, commence a civil action in an appropriate Federal
district or state court, as long as an Administrative Law Judge has not begun a
hearing on this matter.  Such civil action must be commenced no later than two years
after the occurrence or termination of an alleged discriminatory housing practice,
irrespective of whether a complaint has been filed with this Department.  The two
year period does not include the time the complaint is pending before this
Department.  However, once a trial begins, the Department will cease its
administrative processing of the complaint.

     Pursuant to Section 810(f) of the Act, this complaint will be processed by:

           VIRGINIA REAL ESTATE BOARD
           LIZBETH T. HAYES, INVESTIGATOR SUPERVISOR
           3600 W. BROAD STREET
           RICHMOND, VA 23230
           (804)367-8530

     During the administrative processing of this complaint, you are responsible for
keeping this agency informed of any change in address.  Failure to do so may be
viewed as failure to cooperate in the investigation.

Unless otherwise notified, the aforementioned agency will be responsible for all processing action on this complaint. Therefore, all correspondence or inquiries regarding this matter should be directed to that agency.

Please be advised that retaliation against any person for participation in the enforcement of the Act is a discriminatory housing practice prohibited under Section 818 of the Act.

Your cooperation in this matter is appreciated.

Sincerely,

Wanda S. Nieves
Director, Philadelphia HUB
Office of Fair Housing and Equal
Opportunity

Enclosures

EX V)



**U. S. Department of Housing & Urban Development**

DEC 17 2004

Richmond Office
600 E. Broad Street, 3rd Floor
Richmond, VA 23219
1-800-842-2610

Mr. Mustafa Hassan
8245 Russell Road, Apt. 202
Alexandria, VA 22309

Dear Mr. Hassan:

On behalf of Secretary Alphonso Jackson, thank you for your October 3, 2004 letter alleging misconduct by HUD officials in a closed investigation.

In your letter you write again that the investigators employed by the State of Virginia are "acting as a surrogate/conduit for Foxchase of Alexandria et al." You allege that a HUD official committed perjury and misconduct by circumventing another HUD official from reopening a closed case (03-03-0235-8). You also allege that a HUD official illegally amended your complaint to add AIMCO Inc. LLC. You further allege that Section 8 funds have been misused. You demand to know who worked to respond to Mr. Thomas Day's letter of January 7, 2004, and asked whether a "sham" investigation can be legal. You ask whether other HUD officials are friends of your "adversaries." We have addressed each of your concerns below.

On October 14, 2003, you signed an amended complaint form through the State Fair Housing office to add AIMCO Inc. LLC as a respondent.

As you know, on January 7, 2004 Mr. Day requested that the State of Virginia conduct some additional investigation into the issues of your complaint. The complaint was not specifically re-opened, although the State did collect most of the additional information requested by Mr. Day and did explain all instances in which this information was not available.

On February 25, 2004, an Equal Opportunity Specialist in the Richmond Office analyzed the additional information submitted by the State. The additional investigation was judged to have been sufficient, fair and thorough and HUD accepted the State's investigation and closed our file with regard to this matter on August 5, 2004.

As you are aware the State of Virginia has a State law that is substantially equivalent to Title VIII of the Federal Fair Housing Law. HUD contracts with the Virginia Real Estate Board to process complaints of discrimination within the State of Virginia. Title VIII does not give HUD the authority to reverse or reopen a case that has been investigated by a substantially equivalent state agency.

On March 31, 2004, you filed a new Title VIII (case no. 03-04-0236-8) complaint, which was investigated by an investigator from the Richmond Office and a determination was made that there was no probable cause to believe that discrimination had occurred. This investigation was closed on November 12, 2004.

Also, in April 2004, the Philadelphia Regional Office of Fair Housing and Equal Opportunity decided to conduct its own Title VI investigation into several of the issues raised by your complaint, including your allegation of the misuse of Section 8 funds. This was possible because Foxchase receives federal funds. The Department wanted to be absolutely certain that Foxchase was operating in a fashion that respected the rights of all tenants regardless of national origin or race, and to be absolutely certain that your rights had not been violated. This investigation is continuing and you will be advised when it is complete.

In response to any other concerns raised in your correspondence, please refer to the September 9, 2004 and December 7, 2004 letters from Wanda Nieves, Regional Fair Housing and Equal Opportunity office Director in response to your letters of August 2, August 25 and November 2, 2004 respectively.

Sincerely,

Mary Ann Wilson
Director

EXTEN

**U.S. Department of Justice**

Civil Rights Division

Housing and Civil Enforcement Section

---

SHR:JRT:JD:JDL:djw

DJ 175-79-0

| | |
|---|---|
| *U.S. Mail:* | 950 Pennsylvania Ave, N. W. |
| | Washington, DC 20530 |
| *Overnight:* | 1800 G Street, N. W. |
| | Suite 7062 |
| | Washington, DC 20006 |
| *Telephone:* | (202) 514-4713 |
| *Facsimile:* | (202) 514-1116 |

DEC 2 2 2005

Mr. Mustafa S. Hasan
8245 Russell Road
P.O. Box 6861
Alexandria, Virginia 22306

Dear Mr. Hasan:

This is in response to your correspondence to the Department of Justice concerning your complaint against Fox Chase Apartments for alleged fraud in the handling of Section 8 Program funds. Please excuse our delay in this response.

We recently responded to similar correspondence from you. We advised you that this Department does not have jurisdiction to review your complaint. We also informed you that the Department of Housing and Urban Development has jurisdiction over the issues raised in your correspondence, which your correspondence indicated you have contacted. We hope that agency will be able to resolve this matter for you.

We regret we cannot offer you further assistance.

Sincerely,

Steven H. Rosenbaum
Chief

By:

Joy D. Larry
Paralegal Specialist
Housing and Civil Enforcement Section



U.S. Department of Housing and Urban Development
Office of Investigation
Wanamaker Building, Suite 1005
100 Penn Square East
Philadelphia, PA 19107-3380
Phone: 215-656-3412

September 14, 2004

Mr. Mustafa Hassan
8245 Russell Road, #202
Alexandria, VA 22309

Dear Mr. Hassan:

We received your September 3, 2004 letter, with enclosures, which is in furtherance of previous correspondence requesting that we conduct an investigation into alleged malfeasance by regional federal fair housing employees.

While your letter alleges impropriety, one particular exhibit that you attached indicates that HUD personnel were critical of the initial contract investigative report regarding your complaint and requested that additional investigation be conducted. Further, your concerns have already been provided to Office of FHEO, Washington, DC, which has oversight of the regional office.

In any event, you have provided no information to support your allegations, and we see no reason to pursue further inquiry.

Thank you for your cooperation.

Sincerely,

Robert J. Brickley
Special Agent in Charge



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, DC 20410-2000

OFFICE OF FAIR HOUSING
AND EQUAL OPPORTUNITY

October 26, 2005

Mr. Mustafa Hassan
8245 Russell Road, Apt. 202
Alexandria, VA 22309

Dear Mr. Hassan:

This letter is in response to your dispute regarding the final determination of your discrimination complaint and the alleged misconduct of HUD officials. During this period of time you had conversations with various Fair Housing and Equal Opportunity (FHEO) principal staff members and received several letters in reference to the determination of your complaint. After additional intensive investigation, there was still not sufficient evidence supporting the alleged violations to find cause. Enclosed are several letters previously sent to you regarding the findings of your complaint Therefore, the Department agrees with the final determinations pertaining to your case and will not conduct further investigations.

FHEO appreciates your cooperation in regard to our final decision.

Sincerely,

Linda Thompson
Director, Office of Field Oversight

Enclosures



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, DC 20410-0500



OFFICE OF GENERAL COUNSEL
DEPARTMENTAL ENFORCEMENT CENTER

AUG 2 0 2004

Mr. Mustafa Hassan
8245 Russell Road, Apt. 202
Alexandria, VA 22309

Dear Mr. Hassan:

Thank you for submitting the correspondence relating to your fair housing complaint other issues regarding your residence at Fox Chase Apartments in Alexandria.

Because your complaint alleges serious charges involving numerous housing-related I have been in contact with the Office of Housing in HUD Headquarters. The Office of Hous has requested that the documentation be forwarded to their office for handling. Your correspondence has been sent to Mr. Kenneth Hannon who is the Director of the Business Relationships and Special Initiatives Division.

Sincerely,

Margarita Maisonet
Director

www.hud.gov          espanol.hud.gov



U.S. Department of Housing and Urban Development
Office of Investigation
Wanamaker Building, Suite 1005
100 Penn Square East
Philadelphia, PA 19107-3380
Phone: 215-656-3412



September 14, 2004

Mr. Mustafa Hassan
8245 Russell Road, #202
Alexandria, VA 22309

Dear Mr. Hassan:

We received your September 3, 2004 letter, with enclosures, which is in furtherance of previous correspondence requesting that we conduct an investigation into alleged malfeasance by regional federal fair housing employees.

While your letter alleges impropriety, one particular exhibit that you attached indicates that HUD personnel were critical of the initial contract investigative report regarding your complaint and requested that additional investigation be conducted. Further, your concerns have already been provided to Office of FHEO, Washington, DC, which has oversight of the regional office.

In any event, you have provided no information to support your allegations, and we see no reason to pursue further inquiry.

Thank you for your cooperation.

Sincerely,

Robert J. Brickley
Special Agent in Charge

(EX 2)

"Liz Hayes"
<Liz.Hayes@dpor.virg
Inia.gov>

01/28/2004 04:12 PM

To:
cc:
Subject:

<ann_taylor@hud.gov>

FW: Hassan Status Update

FYI!!

-----Original Message-----

**From:** Antonio Bedford

**Sent:** Wednesday, January 28, 2004 3:55 PM

**To:** r.thomas_day@hud.gov

**Cc:** John Cancelleri; Liz Hayes

**Subject:** Hassan Status Update

Mr. Day,

I have addressed the 10 issues that were presented concerning the Mustafa Hassan case. The FIR has been amended to refl
as such. I am currently waiting for a response from the respondents regarding who completed the carpet cleanings for Mr.
Hassan on 9/18/01 and the painting on 9/13/01.  Thanks.

Antonio Bedford

Fair Housing Investigator