UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MUSTAFA HASSAN,

Plaintiff,

v.

U.S. HOUSING AND URBAN
DEVELOPMENT, et al.,

Defendants.

Civil Action No. 06-0172 (EGS)

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se,* has brought this action against the parties allegedly responsible for eviction proceedings against him in Virginia. The amended complaint names as defendants the plaintiff's former landlord, the landlord's attorney, members of the Virginia Fair Housing Board, and an employee of the United States Department of Housing and Urban Development.[1] Defendants have filed motions to dismiss and plaintiff has submitted oppositions to the motions.

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C.Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C.Cir. 2003) (citing Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A court should not dismiss a

---

[1] The amended complaint does provide this background information, but it is stated in defendants' motions to dismiss.

complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. Dist. of Columbia*, 353 F.3d 36, 37 (D.C.Cir. 2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C.Cir. 2003), *cert. denied*, 540 U.S. 1149 (2004); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C.Cir. 2003), *cert. denied*, 540 U.S. 1218 (2004); *Browning*, 292 F.3d at 242. However, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242. In addition, the plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Felter v. Norton*, 412 F. Supp. 2d 118, 122 (D.D.C. 2006)(citation and quotation omitted).

In resolving a motion to dismiss for failure to state a claim, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, *pro se* plaintiffs are not required to use specific legal terms or phrases, and the Court "will grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C.Cir. 1994)(citing *Conley*, 355 U.S. at 45-46).

The amended complaint filed by plaintiff, in sum and substance, "alleges fraud, obstruction of due process, conspiracy, violation of the Plaintiff['s] civil and constitutional rights." Am. Compl., p. 2. Plaintiff also alleges that his eviction was illegal because he was not provided sufficient notice. *Id.* As jurisdictional bases for his claim, plaintiff cites 28 U.S.C.

§ 1333, which is applicable to admiralty and maritime cases, 28 U.S.C. § 552, a statute which has been repealed, 28 U.S.C. § 1254(2), a statute governing the jurisdiction of the Supreme Court, and 28 U.S.C. § 2403, which grants the United States the right to intervene in cases challenging the constitutionality of a federal statute. *Id.*

Although a pleading by a *pro se* litigant is liberally construed, he still must comply with the Federal Rules of Civil Procedure. *See Clariett v. Rice*, No. 04-2250, 2005 WL 3211694, at *4 (D.D.C. Oct. 18, 2005); *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). "The purpose of the rule is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff has failed to comply with Rule 8(a). The amended complaint does not allege a proper basis for this Court's jurisdiction. Plaintiff has neither alleged specific facts to support his claim nor identified the parties in the body of the complaint. The Court cannot discern the nature of plaintiff's cause of action. As a result, the amended complaint fails to provide defendants fair notice of the claims against them. The Court therefore concludes that it lacks subject matter jurisdiction over this action and that plaintiff has failed to state a claim upon which relief can be

granted. The defendants' motions will be granted, and the case dismissed.[2]

A separate order accompanies this Memorandum Opinion.

                                          _____
                                          EMMET G. SULLIVAN
                                          United States District Judge

Date: 9/28/06

---

[2] In light of the disposition of defendants' motions, plaintiff's motion for summary judgment will be denied and the remainder of his numerous motions denied as moot.